Henry A. Conolly, as Surviving Partner of the Firm of E. D. Conolly & Sons, Respondent, *v.* Rosalie Hyams, Individually and as Executrix of Joel E. Hyams, Deceased, Appellant.

Mechanic's Lien — Action to Foreclose Lien — When Action Commenced Within One Year After Filing Lien Is Dismissed for Lack of Evidence a New Action May Be Commenced under Code Civ. Pro. § 405, Within One Year After Final Determination of First Action. Where a mechanic's lien was filed January 24, 1889, and

an action to foreclose the lien, duly commenced February 15, 1889, was dismissed "on the merits," for failure to furnish an architect's certificate of performance of the work, by a judgment entered August 4, 1899, and, on appeal, the Appellate Division, on March 9, 1900, modified the judgment by striking therefrom the words "on the merits," and affirmed it as modified, a new action to foreclose the lien, commenced March 15, 1900, is not barred by the provision of the Lien Law, that a lien shall not continue for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, since the statute does not in express terms prohibit an action to foreclose a lien unless that action be commenced within one year, but enacts that the lien shall cease unless an action be brought thereon within one year; the first action was commenced within that time, and, therefore, the cause of action is saved by the statute (Code Civ. Pro. § 405), which provides that if an action be commenced within the time limited therefor, and be terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action or a final judgment upon the merits, the plaintiff may commence a new action for the same cause after the expiration of the time so limited and within one year after such reversal or termination.

*Conolly* v. *Hyams,* 84 App. Div. 641, affirmed.

(Argued October 29, 1903; decided November 10, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 6, 1903, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. S. Guiterman* for appellant. Section 405 of the Code of Civil Procedure, permitting in case of dismissal of the complaint, but not on the merits, the commencement of a new action after the expiration of the limitation, does not apply to an action brought under a special law creating a right of which time is the essence and forms a constituent element. (*Hill* v. *Bd. of Suprs.,* 119 N. Y. 344; *Hamilton* v. *R. Ins. Co.,* 156 N. Y. 327; *Weyer* v. *Beach,* 79 N. Y. 409; *McDonald* v. *Mayor, etc.,* 58 App. Div. 73.) When a claim secured by mechanic's lien has become barred by the Statute of Limitations, a lien cannot be enforced. (*Hills* v. *Halliwell,* 50 Conn. 270.)

*Leopold Leo*, *William Haupt* and *Benjamin Yates* for respondent. This action, having been begun within one year after the previous action terminated, " not upon the merits," falls within the purview of section 405 of the Code of Civil Procedure, and was begun in time. (*Titus* v. *Poole*, 145 N. Y. 414; *Hayden* v. *Pierce*, 144 N. Y. 512; *Hamilton* v. *R. Ins. Co.*, 156 N. Y. 327; *Budd* v. *Walker*, 29 Hun, 344; *N. P. Assn.* v. *Lloyd*, 167 N. Y. 438.)

CULLEN, J. The action was brought to foreclose a mechanic's lien on real property situated in the city of New York. There is but one question presented by this appeal which survives the unanimous decision by the Appellate Division, that is, whether the plaintiff's lien had been lost prior to the commencement of this action. Notice of the lien was duly filed on the 24th day of January, 1889. The plaintiff commenced an action in the Court of Common Pleas to foreclose such lien on February 15, 1889. In that action the plaintiff was defeated for failure to produce a certificate from the architect of the performance of the work, and judgment was entered therein dismissing the complaint on the merits on August 4, 1899. On appeal, the Appellate Division, on March 9, 1900, modified the judgment by striking therefrom the words " on the merits," and affirmed it as modified. On March 15, 1900, the plaintiff commenced this action to foreclose the lien and has recovered judgment therein.

The appellant contends that under the provisions of section 6, chapter 342 of the Laws of 1885, and those of section 16 of the Lien Law of 1897 (Chap. 418), which are substantially the same, both plaintiff's lien and his money claim were lost by the length of time which elapsed between the filing of the lien and the commencement of the present action. These provisions enact that a lien shall not continue for a longer period than one year after the notice of the lien has been filed, unless within that time an action is commenced to foreclose the lien and a notice of the pendency thereof filed with the county clerk. The respondent claims that his cause of action is

saved by section 405 of the Code of Civil Procedure, which
provides that if an action be commenced within the time
limited therefor, and be terminated in any other manner
than a voluntary discontinuance, a dismissal of the complaint
for neglect to prosecute the action or a final judgment upon the
merits, the plaintiff may commence a new action for the same
cause after the expiration of the time so limited and within
one year after such reversal or determination. If this section
applies then it is conceded that the present action was brought
in time. But the appellant insists that the case is governed
exclusively by the provisions of the Mechanics' Lien Law and
does not fall within the section of the Code cited. In support
of this claim he relies on the decision of this court in *Hill* v.
*Bd. Supervisors Rensselaer Co.* (119 N. Y. 344). That was
an action brought under chapter 428 of the Laws of 1855 to
recover compensation for the destruction of plaintiff's property
by a mob or riot. The act provided that " no action shall be
maintained under the provisions of this act unless the same be
brought within three months after the loss or injury." An
action within the time limited was brought in the County
Court, but the claim exceeding in amount the jurisdiction of
that court, the action was dismissed. Subsequently and after
the expiration of three months from the time of the loss
another action was commenced in the Supreme Court. It
was held by this court that the provisions of section 405 of
the Code 'did not apply and the action could not be brought
after the statutory period. The language of the act of
1855, however, is very different from that of the Mechanics'
Lien Law. The first statute provided that no action should
be maintained unless brought within three months. Thus
the very action in which the plaintiff could alone obtain
compensation was forbidden by the express terms of the stat-
ute. The provisions of the Lien Law relating to the case now
before us enact that the lien shall cease unless an action be
brought thereon within one year. But this provision of the
statute has been complied with. Therefore, the application
of the beneficial provisions of section 405 of the Code does

not contravene the commands of the statute. The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitation, except where there is an express statute or contract to the contrary. So in *Hayden* v. *Pierce* (144 N. Y. 512) it was held that the provisions of section 401, declaring that when the cause of action accrues against a person who is without the state the action may be commenced against him within the time limited therefor after his return into the state, applied to the case of a rejected claim against the estate of the deceased person, and that the claim was not barred by the lapse of six months prescribed by section 1822. In *Titus* v. *Poole* (145 N. Y. 414) it was held that the provisions of section 405 of the Code which we have discussed applied to rejected claims against the estate of deceased persons, notwithstanding the short Statute of Limitations against such claims. In *Hamilton* v. *Royal Insurance Company* (156 N. Y. 327) an insurance policy provided that no action thereon should be maintained unless commenced within twelve months after the fire. It was held that the provisions of section 399 of the Code providing that an attempt to commence an action in a court of record shall be deemed equivalent to the commencement thereof applied to the contract, and that a delivery of the summons to the sheriff within the time limited was a sufficient compliance with the terms of the policy. The principle of these decisions controls the disposition of this case, and in conformity therewith we hold that the present action was brought in time.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, MARTIN and WERNER, JJ., concur.

Judgment affirmed.