person or persons unknown to plaintiff," but this they clearly had the right to do under their agreement with plaintiff as alleged by her.

Without attempting to quote from or paraphrase this very verbose complaint, it is sufficient to say that plaintiff fails to allege any wrongful act or omission on the part of defendants which would appear to stand in the way of collecting her commission from the King of Spain, nor is it alleged that he has ever refused to pay her a commission. She may not recover as for money had and received, for it is not alleged that defendants acted as her agent in effecting the purchase, or that they had agreed to purchase only through her, or had agreed to pay her any part of the profit or commission, if any, that they realized upon the transaction. All they did was to purchase the tapestries, and this, by her own allegation, was precisely what it was contemplated they would do. We are unable to spell out of the complaint any cause of action.

The orders appealed from must be reversed, with $10 costs and disbursements as to each. Defendants' motion for judgment must be granted, with $10 costs, and plaintiff's motion denied, with $10 costs, with leave to plaintiff upon payment of the aforesaid costs to serve an amended complaint within 20 days. All concur.

---

(163 App. Div. 50)

HOFFMAN et al. v. DELAWARE & H. CO.   (No. 173–87.)

(Supreme Court, Appellate Division, Third Department.   July 1, 1914.)

LIMITATION OF ACTIONS (§ 105*)—SUSPENSION OF LIMITATION BY LEGAL PROCEEDINGS.

    Code Civ. Proc. § 405, providing that if an action is commenced within the time limited therefor, and a judgment is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal for neglect to prosecute, or a final judgment upon the merits, a new action may be commenced for the same cause after the expiration of the time so limited and within one year after such a reversal or termination, applies to an action for damages for death caused by negligence required by section 1902 to be brought within two years after the death, though such cause of action exists only by virtue of the statute which limits the time for bringing the action; there being nothing in the death statute indicating an intent to exclude the provisions of the statute of limitations prescribing disabilities and circumstances under which limitations in given cases are suspended, and the bringing of such statute into the Code showing an intent that it shall be governed by the general provisions of the Code not inconsistent therewith.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 514, 515; Dec. Dig. § 105.*]

    Lyon, J., dissenting.

Appeal from Trial Term, Saratoga County.

Action by Frank G. Hoffman and another, as administrators de bonis non of Joseph Hudson, deceased, against the Delaware & Hudson Company. From an interlocutory judgment (147 N. Y. Supp. 475) overruling a demurrer to the complaint, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-ARD, and WOODWARD, JJ.

Lewis E. Carr, of Albany, for appellant.

Edgar T. Brackett, of Saratoga Springs (Walter A. Fullerton and Leary & Fullerton, all of Saratoga Springs, of counsel), for respondents.

JOHN M. KELLOGG, J. By section 1902 of the Code of Civil Procedure an action to recover damages for causing a death by negligence "must be commenced within two years after the decedent's death." The complaint shows that more than two years elapsed between the death and the commencement of this action; it also shows that within the two years an action was brought, but the complaint was dismissed on the trial at the close of the plaintiff's evidence, and the judgment entered upon the dismissal was affirmed by the Court of Appeals, without awarding a new trial, and that this action was brought within one year after the termination of that action. The Special Term has held that section 405 of the Code of Civil Procedure applies to this case and enables the plaintiff to maintain this action.

In Conolly v. Hyams, 176 N. Y. 403–407, 68 N. E. 662, 663, the court says:

"The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the statute of limitations except where there is an express statute of contract to the contrary."

The Special Term felt that the rule in the Conolly Case rather than that of Hill v. Board of Supervisors of Rensselaer County, 119 N. Y. 344, 23 N. E. 921, controlled. In recognition of the broad principle laid down in the Conolly Case, the beneficial provision of section 405 of the Code of Civil Procedure has been extended to other cases, to some of which it otherwise might not seem applicable. Bellinger v. Germania Ins. Co., 51 Misc. Rep. 463, 100 N. Y. Supp. 424; Id., 189 N. Y. 533, 82 N. E. 1124; McKnight v. City of New York, 186 N. Y. 35, 78 N. E. 576; Ackerman v. Ackerman, 200 N. Y. 73, 93 N. E. 192. The cases show a disposition not to extend the Hill Case beyond the facts actually decided by it. See, also, Titus v. Poole, 145 N. Y. 414, 423, 40 N. E. 228.

It is urged, however, that this cause of action has no existence except by virtue of section 1902 of the Code, which gives the cause of action only by permitting the action to be brought, and requires it to be brought within two years, and that the two-year provision is not a limitation of time but is an essential part of the cause of action. The Conolly Case arose under the Lien Law (Consol. Laws, c. 33), which gave a lien to a materialman, but provided the lien should cease unless an action was brought to enforce it within one year. The action in rem against the property only arose by virtue of that provision. There was in terms no limitation of the cause of action, but the lien expired in a year, unless an action was brought. Nevertheless

the Court of Appeals treated the time named as a limitation upon the right to bring the action.

Recently the death statute has been ·incorporated into the Code of Civil Procedure and the general provisions of the Code as to limitations may properly be applied to it, except as otherwise expressly provided. Section 414 of the Code provides that the general statute of limitations constitutes the only rule of limitation except in certain cases, among which is where a different limitation is specifically prescribed by law. The death statute prescribes a limitation of two years, but does not purport to be an entire statute of limitations upon the subject, and does not indicate an intent to exclude the provisions of the statute of limitations which prescribe disabilities and circumstances under which, in given cases, the statute of limitation is suspended. Bringing the death statute into the Code shows an intent that it shall be governed by the general provisions of the Code which are not inconsistent with it. It seems reasonable that this beneficial provision may be treated as suspending the operation of the limitation in question. While the matter is not free from doubt, we feel that it is the better practice to apply the rule in this case which was applied in the Conolly and other cases cited. Perhaps cold logic and the reasoning of the Hill Case might produce another result, but the liberal rule of the Conolly Case should be applied.

The interlocutory judgment is therefore affirmed, with leave to the defendant, upon payment of costs, to withdraw the demurrer and answer. All concur, except LYON, J., dissenting.