The order now appealed from results from a motion for the appraisal of the remainder passing to Louise S. Bucki by virtue of her husband's appointment.

[1, 2] The Surrogate's Court has appraised the remainder at the sum of $18,259, being the value thereof as stated in the order of September 16, 1913. The state comptroller insists that the value of the remainder should be appraised at its full undiminished value of $42,-158.46. He bases this contention upon section 230, c. 62, Laws 1909, as amended by chapter 800, Laws of 1911, which was the statute in force when Frederica Bucki died. That section, so far as relevant, reads as follows:

"Estates in expectancy which are contingent or defeasible and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance, shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for the purpose of taxation, upon which said estates in expectancy may have been limited."

This case seems to fall directly within the purview of this statute. The taxation of the remainder had been held in abeyance, and rightly so. Matter of Howe, 86 App. Div. 286, 83 N. Y. Supp. 825, affirmed 176 N. Y. 570, 68 N. E. 1118. The remainder is therefore properly to be appraised at its full value, unless, as respondent insists, the order of September 16, 1913, is a binding adjudication, not appealed from, that its value is the sum mentioned in that order. Clearly it was not such an adjudication. All that was before the appraiser and the surrogate at that time was the value of the life estate, and it is only as to the value of that estate that the order was conclusive. There was no necessity for then fixing the value of the remainder, and the surrogate had no authority to pass upon that question. Matter of Mason, 120 App. Div. 738, 105 N. Y. Supp. 667, affirmed sub nom. Matter of Naylor, 189 N. Y. 556, 82 N. E. 1129; Matter of Seligmann, 170 App. Div. 837, 156 N. Y. Supp. 648.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the matter remitted to the Surrogate's Court for an appraisement of the remainder and the fixation of the tax thereon in accordance with this opinion. Order filed. All concur.

---

FALLERT v. MASSACHUSETTS BONDING & INS. CO.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

1. DEATH ☞38—ACTION—SPECIAL LIMITATIONS.
   Code Civ. Proc. § 1902, giving a cause of action for death caused by negligence, does so only upon condition that the action be commenced within 2 years after the death.

   [Ed. Note.—For other cases, see Death, Cent. Dig. § 53; Dec. Dig. ☞38.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. DEATH ⬤⟿38—LIMITATION OF ACTION—SEALED INSTRUMENTS.

An action against an insurance company to recover on its bond under seal for death caused by explosion is not merely an action on a sealed instrument, suable within 20 years, under Code Civ. Proc. § 381, but is based on the wrongful death statute (Code Civ. Proc. § 1902), and to be commenced within 2 years from the death.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 53; Dec. Dig. ⬤⟿38.]

Davis, J., dissenting.

Appeal from Trial Term, New York County.

Action by Herman Fallert, as administrator, against the Massachusetts Bonding & Insurance Company and another. From a judgment for plaintiff, the named defendant appeals. Reversed, and complaint dismissed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

John R. Halsey, of New York City, for appellant.
Saul Gordon, of New York City, for respondent.

McLAUGHLIN, J. On the 11th of September, 1909, one Guiri was conducting blasting operations on premises in the city of New York. The plaintiff's intestate, a boy about 11 years of age, while passing along one of the public streets adjacent to the premises referred to, was struck by a stone thrown by a blast and sustained injuries from which he died shortly thereafter. Prior to commencing such blasting operations, Guiri, in accordance with an ordinance of the municipal explosives commission, obtained a blaster's license. In order to obtain it he had to first file a bond with the fire commissioner, "conditioned for the payment of any loss, damage, or injury resulting to persons or property" from explosions. This bond was in the penal sum of $5,000, executed by himself and the appellant, the Massachusetts Bonding & Insurance Company. The condition of the bond was that Guiri and the insurance company—

"shall well and truly pay to the said city of New York, its certain attorneys, successors, or assigns, any loss, damage, or injury resulting to persons or property from the use and keeping of explosives, and strictly observe an ordinance and the regulations made thereunder to regulate the sale, use, and transportation of explosives in the city of New York, * * * under and by virtue of such permit as aforesaid, such payment to be for the benefit of any and all persons suffering damage or loss thereby. * * * "

On the 30th of January, 1912, this action was brought upon the bond given by the insurance company to recover the damages alleged to have been sustained by reason of the death of plaintiff's intestate. The answer set up, among other defenses, that the action was not commenced within 2 years after the death of the decedent. At the trial there was substantially no dispute between the parties as to the facts involved, except those relating to the amount of damages alleged to have been sustained by the plaintiff. At the close of the evidence the insurance company moved for the direction of a verdict in its favor, on the ground, among others, that the plaintiff's claim was barred by the

statute of limitations; the action not having been brought within 2 years from the death of the decedent, as required by section 1902 of the Code of Civil Procedure. The motion was denied, and an exception taken; the trial court holding that the Insurance Company was liable upon its bond, but it was a question for the jury to determine the amount of such liability. The jury subsequently rendered a verdict in favor of plaintiff for $4,000, and from the judgment entered thereon the insurance company appeals.

[1] I am of the opinion the judgment should be reversed. The cause of action sought to be enforced is one which did not exist at common law. It was created by statute, which gives to the plaintiff, as the representative of the deceased, whose death was caused by the negligence of Guiri, the right to maintain the action to recover the damage sustained by the next of kin. The statute which gives the right to maintain the action does so only upon condition that it be commenced within 2 years after the decedent's death. Section 1902, Code of Civil Procedure. This action was not commenced within that time. That fact was not disputed, and for that reason, as it seems to me, defendant's motion for the direction of a verdict in its favor should have been granted.

[2] But it is urged by the respondent that the action is not brought to recover under the statute; that it is an action upon a bond which is under seal, and therefore the plaintiff had, under section 381 of the Code of Civil Procedure, 20 years within which to bring the action. It is, in one sense, an action upon a bond; but it is something more. It is to recover from the insurance company by reason of its bond a liability created solely by statute. Except for the statute, plaintiff would not be entitled to recover anything, because he has not been injured in his person or property. The time within which an action upon a bond under seal may be brought is qualified and limited by the statute which gives the only right to maintain an action to recover damages for the death of the decedent. The only "loss, damage or injury" the plaintiff has sustained is that growing out of the death of intestate, and it is only in his representative capacity that he can maintain an action to recover, and in order to do that he had to commence the action within 2 years from the death of the decedent. This action was not so commenced, and my conclusion, therefore, is that it cannot be maintained.

It follows, therefore, that the judgment appealed from must be reversed, with costs, and, inasmuch as the facts cannot be changed, the complaint is dismissed, with costs.

CLARKE, P. J., and SCOTT and SMITH, JJ., concur. DAVIS, J., dissents.