PHILIP LEUN, as Administrator, etc., of HERBERT LEUN, Deceased, Respondent, *v.* LESLIE G. BRIMMER, Appellant.

Second Department, November 24, 1922.

**Limitation of actions — action to recover for wrongful death — action by representative must be commenced within two years after death — Decedent Estate Law, § 130, construed.**

An action by the personal representative to recover for wrongful death must be commenced " within two years after the decedent's death " as provided in section 130 of the Decedent Estate Law, and, therefore, an action commenced within two years after the granting of letters of administration but more than two years after death occurred, is not commenced within the time limited and cannot be maintained.

APPEAL by the defendant, Leslie G. Brimmer, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Queens on the 9th day of October, 1922, denying defendant's motion for judgment on the pleadings consisting of a complaint only.

*Edward P. Mowton,* for the appellant.

*Samuel I. Ferguson,* for the respondent.

JAYCOX, J.

This action is brought to recover the damages claimed to have been caused the intestate's next of kin by his death, upon the ground that such death was caused by defendant's negligence and lack of skill as a dentist. The complaint shows that plaintiff's intestate died March 3, 1919, and that plaintiff was appointed administrator of his estate August 17, 1922. Defendant moved to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. This motion was denied and the defendant appeals. The defendant's contention is founded upon the limitation contained in section 130 of the Decedent Estate Law (as added by Laws of 1920, chap. 919), formerly con-

tained in section 1902 of the Code of Civil Procedure, that " such an action must be commenced within two years after the decedent's death." The plaintiff claims that the Statute of Limitations in question did not begin to run until the cause of action accrued and that the cause of action did not accrue until letters of administration were granted. The plaintiff claims that this contention is supported by *Crapo* v. *City of Syracuse* (183 N. Y. 395); *Kelliher* v. *N. Y. C. & H. R. R. R. Co.* (212 id. 207); *Hoffman* v. *Delaware & Hudson Co.* (163 App. Div. 50); *Conolly* v. *Hyams* (176 N. Y. 403); *McKnight* v. *City of New York* (186 id. 35); *Titus* v. *Poole* (145 id. 414, 423); *Hamilton* v. *Royal Insurance Co.* (156 id. 327), and *Hayden* v. *Pierce* (144 id. 512). The statute in and of itself would seem to clearly limit the time within which an action may be brought to two years after the death of the decedent. Therefore, the correctness of the order appealed from depends upon whether it finds support in the decided cases. In *Crapo* v. *City of Syracuse* (*supra*) the action was brought within two years after decedent's death, so the question presented here was not involved in that case. The limitations under discussion there are contained in a statute (Laws of 1886, chap. 572) requiring the action to be commenced within one year after the cause of action therefor shall have accrued and that a notice of intention to sue shall be served·" within six months after such cause of action shall have accrued." It was held that a notice of intention to sue could not be given until there was some one capable of giving such notice; some one who could form such an intention, and that, therefore, the cause of limitation in the statute now under consideration does not depend upon any future event, such as the accrual of the cause of action, but is dependent only upon the death of the decedent. *Kelliher* v. *N. Y. C. & H. R. R. R. Co.* (*supra*) was also brought within two years after the death of the decedent upon a cause of action accruing more than six years prior to decedent's death. It was held that the cause of action was barred by the three-year Statute of Limitations (Code Civ. Proc. §§ 380, 383). *Hoffman* v. *Delaware & Hudson Co.* (*supra*) involved the right of a plaintiff in an action brought under section 1902 of the Code of Civil Procedure to bring a new action under section 405 of the Code of Civil Procedure where the complaint in the original action had been dismissed. This right was sustained, and in my estimation rightly. The action was commenced in time, but for some reason not involving the merits the complaint was dismissed; such dismissal was affirmed upon appeal and no new trial granted. (See 142 App. Div. 920; 205 N. Y. 532.) Section 405 of the Code of Civil Procedure supplements section 1902 and permits a new action to be commenced under those circumstances

within one year. There is nothing in this that in any way extends the time in which to commence the original action. *Conolly* v. *Hyams (supra)* was an action to foreclose a mechanic's lien, and it was held that where an action was duly commenced and dismissed for failure to produce an architect's certificate, a new action, under the Code of Civil Procedure, section 405, was not barred by the provisions of the former Lien Law requiring an action to foreclose the lien to be brought within one year. *Titus* v. *Poole (supra)* involved the same question under sections 405 and 1822 of the Code of Civil Procedure. *McKnight* v. *City of New York (supra)* relates to the same question as *Crapo* v. *City of Syracuse (supra)* but involved the act of 1886 and section 396 of the Code of Civil Procedure. *Hamilton* v. *Royal Insurance Co. (supra)* related to the effect upon the limitation of an attempt to commence an action by delivering the summons to the sheriff. (Code Civ. Proc. § 399.) *Hayden* v. *Pierce (supra)* related to a cause of action accruing against a person who is without the State, and holds that the provision in relation thereto (Code Civ. Proc. § 401) applied to a claim against an estate where the executor was out of the State at the time of the testator's death and ever since has been a resident of another State. The learned justice at Special Term placed his decision upon the authority of *Murphy* v. *Village of Fort Edward* (213 N. Y. 397). The questions there presented are essentially the same as those presented in *Crapo* v. *City of Syracuse (supra)*, and for the reasons stated above have no application to the questions now under discussion. I am unable to see that these decisions lend any support to plaintiff's position. *Sharrow* v. *Inland Lines, Ltd.* (214 N. Y. 101) was an action to recover damages for negligently causing the death of plaintiff's intestate and involved the question of the necessity of an affirmative allegation that the action was commenced within two years after decedent's death. In the opinions handed down it was nowhere suggested that the limitation was so modified as to begin at any time other than that mentioned in the statute, to wit, the decedent's death. If the view now urged upon this court had then prevailed in the Court of Appeals, it would have been decisive of that case. In *Pernisi* v. *Schmalz' Sons, Inc.* (142 App. Div. 53, 56), Mr. Justice THOMAS speaking for this court said: " When the deed is done, the cause of action springs into life. It lives two years, whether or not an action be brought. Then it dies, unless an action has been meantime begun. The commencement of the action extends the duration of the cause of action." A similar statute of the State of New Jersey, limiting the time within which an action may be brought, has been construed by the courts of our State as limiting such right to two years from

decedent's death. (*Schwertfeger* v. *Scandinavian American Line,* 186 App. Div. 89; affd., 226 N. Y. 696.) The cause of action sought to be enforced is one which did not exist at common law. It was created by the statute which gives to the plaintiff, as the representative of the deceased whose death was caused by the negligence of the defendant, the right to maintain the action to recover the damage sustained by the next of kin. The statute which gives the right limits the time within which such an action may be commenced to two years after decedent's death. (*Fallert* v. *Massachusetts Bonding & Ins. Co.,* 172 App. Div. 690; affd., without opinion, 225 N. Y. 647.)

The order appealed from should be reversed, with ten dollars costs and disbursements, the motion granted, with ten dollars costs, and judgment ordered dismissing the complaint, with costs.

BLACKMAR, P. J., RICH, MANNING and KELBY, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and judgment ordered dismissing the complaint, with costs.