EVA L. STREETER, as Administratrix, etc., of EDWARD STREETER, Deceased, Respondent, *v.* GRAHAM & NORTON COMPANY, Appellant.*

Third Department, December 30, 1932.

* Affg. 144 Misc. 516,

*Evans, Hunt & Rees* [*Fred H. Rees* of counsel], for the appellant.

*Harry W. Williams,* for the respondent.

RHODES, J. The question presented involves the construction of section 23 of the Civil Practice Act. If the statute is applicable, the present action is maintainable, otherwise it must fail.

Plaintiff's intestate, an employee of the United Metal Products Company, met his death in said employment on April 21, 1927. He left him surviving the plaintiff, his widow, and six children, five of whom, with the widow, were dependents under the Workmen's Compensation Law. Such dependents elected to take compensation, and by the provisions of section 29 of that law, the making of such award operated as an assignment to the insurance carrier, the United States Fidelity and Guaranty Company, of the cause of action of said dependents against the defendant Graham & Norton Company, the third party, whose negligent act is alleged to have caused decedent's death. Said insurance carrier thereupon commenced an action against said Graham & Norton Company seeking to recover upon said assigned cause of action. A verdict of $10,000 was rendered in favor of the plaintiff in that action and the judgment entered thereon was affirmed on appeal to this court (*United States Fidelity & G. Co.* v. *Graham & Norton Co.,* 228 App. Div. 45), but on appeal to the Court of Appeals such judgment was reversed on the 15th day of May, 1930 (254 N. Y. 50), upon the ground that there being another next of kin, Charles, the oldest child, in addition to dependents, the insurance carrier could not maintain the action in its own name but that it must prosecute through an administrator of the estate of deceased. Judgment was thereupon entered upon the remittitur of the Court of Appeals in the Albany county clerk's office on the 20th day of August, 1930, reversing the judgment of the courts below and dismissing the complaint, no new trial having been granted by the Court of Appeals.

After the decision of the Court of Appeals and on or about the 21st day of July, 1930, plaintiff herein was appointed administratrix of the estate of said deceased and this present action was commenced on August 4, 1930, to recover damages for the death of said intestate caused by the alleged negligent act of the defendant. A verdict was rendered therein in the sum of $40,000. Upon motion of the defendant to set aside the said verdict, the learned court below granted said motion unless plaintiff should stipulate that the verdict

be reduced to $15,000 and that plaintiff's recovery be reduced to $13,333.33, with interest, which stipulation was made and filed by the plaintiff. The recovery was thus reduced one-ninth by deducting the share to which the oldest child would have been entitled, for the reason that the cause of action in his favor was outlawed and he thus was entitled to no part of the amount recoverable.

It is from the judgment entered upon the verdict as thus reduced, that the defendant now appeals.

By section 130 of the Decedent Estate Law, an executor or administrator of a decedent who has left him or her surviving a husband, wife or next of kin, may maintain an action against the alleged wrongdoer to recover damages for the death of the deceased caused by such alleged negligence. The section provides that such an action must be commenced within two years after decedent's death. The present action was not commenced within that period and cannot be maintained unless by virtue of section 23 of the Civil Practice Act which is as follows: " Effect of reversal of judgment or termination of action. If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination. This action also applies to the Workmen's Compensation Law."

It is apparent that the present case does not come within the letter of said section 23, because that section provides that the *plaintiff* in the former action may commence a new action for *the same cause.* It is asserted by the appellant that in every case where the statute has been applied hitherto, the plaintiff in the subsequent action was identical with the plaintiff in the former action. The plaintiff in the former action is not the plaintiff here. The present action, therefore, cannot be maintained unless it comes within the spirit and intent of the statute, rather than the letter thereof.

In *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397) it was said of a statute there under discussion that the meaning and intent thereof are manifestly not clear and certain through its language. The court further said: " We are, therefore, bound to search for the legislative intent in such facts and through such rules as may, in connection with the language, legitimately reveal it. If it, as determined, is within the scope or capability of the language, it must be

within the statute, however obscurely, imperfectly or inadequately it is expressed. To effect the intent, the language may be freely dealt with. Words may be interpolated or shifted in position or enlarged or restrained in their meaning and operation. The expressed legislative intention is the statute. The courts are bound to enforce enacted legislative intent."

In *Conolly* v. *Hyams* (176 N. Y. 403) the court construed section 405 of the Code of Civil Procedure, which, so far as material, was identical with the present section 23. The court there said: " The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitations, *except where there is an express statute or contract to the contrary.*"

Applying the rule thus stated, we are confronted with the inquiry: Is there an express statute standing in the way of the bringing of the present action? Quoting again from *Travelers Ins. Co.* v. *Padula Co.* (*supra*): "A civil liability and the right to recover damages for a wrongful act or neglect causing death are created solely by statute. At common law no civil action would lie for causing the death of a human being. Legislative enactment is the exclusive source and boundary of the liability and the remedy. It may create the cause of action, define the period of its existence, and the party by whom and the method in which it shall be enforced and prescribe the measure of damages and the beneficiaries." To the same effect see *Phœnix Indemnity Co.* v. *Staten Island R. T. R. Co.* (251 N. Y. 127); *Crapo* v. *City of Syracuse* (183 id. 395); *Leun* v. *Brimmer* (203 App. Div. 643).

Although the cause of action is statutory and one of the essentials to the maintenance of the action which the statute expressly requires is that it be commenced within two years from the date of death, this court held in *Hoffman* v. *Delaware & Hudson Co.* (163 App. Div. 50) that said section 405 of the Code of Civil Procedure was applicable to such an action.

Under the ruling of the latter case there is, therefore, no statute standing in the way of the application of said section 23.

The case of *Gaines* v. *City of New York* (215 N. Y. 533) is perhaps not strictly in point because it was there held that it came within the letter of the statute in question, but the language of the court in that case may guide us in determining whether the case at bar comes within the spirit of the statute. The court there said: " The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoknig

judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts."

In the present case the insurance company diligently and in good faith sought to enforce its rights against the defendant for the alleged wrongful act. Its action was defeated because there was another next of kin, Charles, the eldest son, not a party, who was also entitled to damages against the defendant for the alleged wrong. Thereupon the insurance company took prompt steps to protect its rights by procuring the appointment of an administratrix and the bringing of the present action, which, in form, attempts to enforce the rights of the insurance company and also the rights of the said Charles. He, however, had slept upon his rights so that at the time of the commencement of this suit such rights had been lost.

The curious situation is now presented where the rights sought to be enforced under the judgment now appealed from, are identical with the rights which were asserted by the plaintiff in the former action. They are founded upon the same alleged wrongful act and the damages will pass to the same party who was plaintiff in the original action. The former action could have been maintained by the insurance company as plaintiff had the present situation then existed relative to persons having enforcible rights. (*Travelers Ins. Co.* v. *Padula Co., supra.*)

There is now no danger that any other action can be successfully prosecuted against the defendant to recover damages in behalf of Charles Streeter. Therefore, there can be no splitting of the cause of action and the defendant will not be put twice to its defense for the same wrong, which was the danger pointed out and sought to be avoided in the former case (*United States Fidelity & G. Co.* v. *Graham & Norton*, 254 N. Y. 50, 55).

As stated in *Hoffman* v. *Delaware & Hudson Co.* (*supra*), perhaps cold logic and the reasoning in the case of *Hill* v. *Supervisors* (119 N. Y. 344) might produce another result, but the liberal rule of the *Conolly Case* (*supra*) should be applied.

Said section 23 permits the commencement of a new action within one year after a reversal if the case is reversed on appeal without awarding a new trial. In the present instance the case was reversed by the Court of Appeals without awarding a new trial. In this respect, therefore, it seems to be within the letter of the statute. The appellant insists that the statute is applicable only in case there has been a reversal without awarding a new trial *and* final judgment rendered otherwise than upon the merits. The learned trial justice construed the statute as applicable in either case, instead of requiring both conditions to exist. Whichever construction is

adopted, the plaintiff must prevail if we have correctly applied the principle that the statute must have interpretation according to its beneficent scope and purpose. The appellant says that the dismissal of the complaint in the former action was upon the merits within the provisions of section 482 of the Civil Practice Act. This may be granted, yet the provisions of section 23 may be held to give to the phrase " upon the merits " a broader meaning and application than that comprehended by section 482. The purpose of section 482 is to prevent repeated trials upon the merits. Section 23 contemplates that the diligent suitor shall have one adjudication on the merits of his cause when through mistake in form, forum or remedy such suit otherwise is barred. The reversal was not because of any lack of merit in the plaintiff's assertion that the defendant was guilty of wrong; the reversal was because the form of the action was erroneous. Even if it involved a matter of substance as to the danger that defendant might be sued more than once for the same wrong, that difficulty has disappeared.

The appellant suggests that it is illogical to permit a recovery embracing the damages belonging to the insurance company and at the same time to maintain that the rights of Charles, the next of kin, resting upon the same wrongful act, have been lost by his inaction. The answer is, that the statute, as already stated, is designed to extend its aid to the diligent suitor; that others who have slept upon their rights may not take advantage of the special favor granted under this statute of jeofail.

The method pursued by the learned trial court in reducing the verdict and the recovery does not appear to be questioned by the appellant. It agrees that the original verdict was excessive and that the reduction of the verdict was proper and justified by the facts.

The judgment should be affirmed, with costs.

VAN KIRK, P. J., and HINMAN, J., concur; HILL and CRAPSER, JJ., dissent and vote to reverse judgment and to dismiss the complaint, on the ground that the commencement of the previous action, by a person not entitled to maintain it, did not stay the running of the Statute of Limitations. (*Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Exchange Mut. Indemnity Ins. Co.* v. *Central Hudson Gas & Elec. Co.*, 243 id. 75.)

Judgment affirmed, with costs.