FLOYD SAUERBIER, as Administrator of the Estate of MARGARET SAUERBIER, Plaintiff, *v.* ERIE RAILROAD COMPANY, Defendant.

Supreme Court, Special Term, Steuben County, April 28, 1949.

*John W. Hollis* for defendant.

*Wilbur F. Knapp* for plaintiff.

WHEELER, J. Plaintiff's intestate was killed on January 22, 1946, when she was struck by a train operated by the defendant. Well within the two-year period required by section 130 of the Decedent Estate Law, her representative, this plaintiff, brought an action to recover for her death. The action, founded in negligence, was predicated and tried upon one theory of recovery — that of the defendant's liability under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*).

At the close of the evidence the trial court submitted special questions to the jury, one of them bearing directly on the issue of whether or not the decedent was, at the time of the accident, an employee of the Erie Railroad Company. It is conceded by both parties that the jury answered this question in the negative, but there is some dispute between them as to whether the court directed a verdict or the jury brought in a general verdict of no cause; we do not have the record before us. However, as it has no bearing upon the decision of this motion, the form of the verdict becomes purely academic.

Within one year after the termination of the first action, the same plaintiff again sued the same defendant, his second complaint likewise sounding in negligence, but basing his right to recovery upon the theory of common-law negligence. More than two years had elapsed between the acts complained of, and the service of the summons and complaint attacked by this motion. It is not denied by the plaintiff that his current action was not brought within the two-year Statute of Limitations prescribed by the Decedent Estate Law. He does maintain, however, that his action is saved by section 23 of the Civil Practice Act, which provides: '' If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination.''

The defendant urges that section 23 is not applicable for the reason that the action has been terminated on its merits. A further and inconsistent argument advanced by the defendant is that the pleadings before this court do not state the same cause of action. With this latter contention of the defendant the court cannot agree. However, though reluctant to allow the defense of the Statute of Limitations, especially where a plaintiff may have a possibly meritorious cause of action, this court is of the opinion that the plaintiff in the case at bar cannot invoke the exception provided by section 23 for the reason that he has had his day in court and cannot now insist upon a second day.

Since the decision in *Gaines* v. *City of New York* (215 N. Y. 533) there is little question as to the scope of the interpretation to be accorded section 23. Judge CARDOZO, writing the opinion for the Court of Appeals in that case states (at p. 539), '' The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction.'' (*Buchholz* v. *United States Fire Ins. Co.*, 269 App. Div. 49; *Streeter* v. *Graham & Norton Co.*, 237 App. Div. 258.) In the instant case, plaintiff's demand, by definition of the statute upon which he is forced to rely, must be for the '' same cause '' as his prior action; otherwise his cause of action will not be protected by that statute. Adopting

the wider definition of "cause of action", this court inclines to the belief that the plaintiff is correct in his assertion that his cause of action is the same in both suits. (*De Coss* v. *Turner & Blanchard,* 267 N. Y. 207; *Payne* v. *New York, Susquehanna & Western R. R. Co.,* 201 N. Y. 436; *Luce* v. *New York, Chicago & St. Louis R. R. Co.,* 213 App. Div. 374, affd. 242 N. Y. 519.) The facts alleged by the plaintiff in the complaint now before the court are the same facts as alleged in the prior suit, and thus meet the requirements of section 23 that the second action be for the same cause as the original suit. "Whatever the rule may be in other jurisdictions, it is well settled in this State that there cannot be two causes of action against the same party in favor of the same person for one personal injury * * *. It is the policy of our law that the whole question of liability for personal injuries should be settled in one action for all time. 'There can be but one cause of action and one recovery. * * * The single wrong has given rise to a single right, which may be established by as many different facts as the nature of the case may justify or demand.' (*Payne* v. *N. Y., S. & W. R. R. Co.,* 201 N. Y. 436 * * *.)'' (*Luce* v. *New York, Chicago & St. Louis R. R. Co., supra,* pp. 376–377.)

This court, however, is unable to find that the plaintiff has met the other requirement of section 23, namely, that his prior action was not terminated by a final judgment on the merits. Though keeping in mind the broad view of "merits" as applied to section 23 (*Buchholz* v. *United States Fire Ins. Co., supra; Streeter* v. *Graham & Norton Co., supra*), the conclusion is inescapable that this plaintiff has had a final judgment on the merits of this cause of action. There is a vast distinction between the technical error or mistake in the form of remedy or the forum in which the action is brought and the election of one or more grounds of liability upon which a single cause of action may be predicated.

It has long been the law of this State that the plaintiff in a personal injury action must allege all the grounds upon which he seeks a recovery and, when defeated, is barred by the judgment as to all grounds.

"In the case at bar the plaintiff had one cause of action growing out of the death of her intestate. She could allege as many grounds of liability as she claimed. When she elected to try the case upon one of those grounds and was defeated, she was barred from maintaining another action upon another alleged ground of liability. To hold otherwise would entitle

her to try an action for negligent injury, *first,* upon the common-law liability of the defendant; if defeated in that action she could then bring a new action under some statute; if again defeated, she could bring an action under another statute; and so on until an action had been brought upon as many claims as she might have. Such procedure has never been tolerated and is contrary to well-understood principles, which prevent a plaintiff from splitting his claim or dividing the grounds of recovery.'' (*Luce* v. *New York, Chicago & St. Louis R. R. Co., supra,* p. 378.)

It is obvious that this plaintiff, after the accident, had but one cause of action for a single wrong, for which there could be but one recovery. It is just as apparent that, all the facts being then in existence, he had more than one ground or theory of liability for the alleged wrongful death. He could have alleged any of the grounds of liability he wished to claim, but elected to rest upon one theory of recovery. On this ground he has had a final determination on the merits, and a fortiori, on the cause of action now before the court.

To hold otherwise would invite endless litigation of the same cause of action, imposing an unreasonable burden upon the defendant who might be put to his defense innumerable times for the same allegedly negligent act or omission. To construe section 23 as broadly as plaintiff would have us would be to extend it beyond all reason and to interpret out of existence the well-established protection from multiplicity of action upon the same cause. Nor does the court believe that such was the reasonable intendment of the Legislature in creating this section.

The cases relied upon by the plaintiff all present situations in which the termination of the original action was on a technical ground of mistake or error in procedure and not on the merits of the cause of action.

For the reasons stated above, defendant's motion to dismiss must be granted.

Motion granted, with $10 costs.

Submit order accordingly.