DATA-GUIDE, INC., et al., Plaintiffs, *v.* AMERICAN R. D. M. CORPORATION, Defendant.

Supreme Court, Special Term, New York County, June 19, 1962.

*Bressler & Meislin* (*Lloyd Isler* and *Martin Bressler* of counsel), for defendant. *Halpern & Rothman* for plaintiffs.

JACOB MARKOWITZ, J.   Defendant moves, pursuant to rule 107 of the Rules of Civil Practice, for an order dismissing the complaint upon the ground that there is an existing final judgment rendered on the merits determining the same cause between the same parties, and upon the further ground of another action pending.   The application on the latter ground has been withdrawn.

Admittedly, there was a prior action, between the same parties, based upon the same facts, and involving essentially the same cause of action.   There was a dismissal of the prior action, by reason of the plaintiffs' failure to comply with directions of the court for the production of evidence upon pretrial deposition.   The examination commenced May 25, 1961, and there was a ruling on June 1, 1961, requiring the presence of a person having knowledge or information concerning the shipping practices of the plaintiffs.   There was a further ruling on June 30, 1961, directing that answers be given to questions to which answers had been refused.   Thereafter, an application by the plaintiffs for a stay of their examination until there had been a further examination of the defendant was denied by order of July 24, 1961.   Thereafter, the plaintiffs failed to appear on a scheduled examination on August 10, 1961.   An application was made for dismissal of the complaint and such order was granted unless there was a submission to examination.   There was appearance on October 19, 1961, and again a refusal to make answer to questions.   A further application was made for dismissal of the complaint and by order of December 26, 1961, the complaint was dismissed unless the plaintiffs complied with the court's prior order of September 27, 1961.   Thereafter, there was a refusal to produce books and records pursuant to the court's direction. And again on January 8, 1962, there was refusal to make answers.   The matter again came before the court and by order of February 16, 1962, the complaint was dismissed, the court stating that despite the physical presence of the witness the complaint was to be dismissed because of " willful failure to produce those records ".

Plaintiffs claim, as there has been no trial, that the prior judgment is, in effect, only a judgment on default and in said circumstances is not a judgment after a full hearing upon the merits and thus the within action may not be dismissed on the grounds claimed by defendant.   This view might have some basis, were it not for plaintiffs' willful conduct by their own rejection of and their denial to the other side of an opportunity to a full and fair

hearing. The issue is whether plaintiffs, under the circumstances herein, are deemed to have established, by admission, lack of merit in their claim or defense, and thus to justify a denial of another hearing and dismissal of the present action.

There is no reported case presented to the court in which by reason indicated herein an action thereafter commenced has been found to be dismissible upon the ground of prior adjudication. Many of the cases cited by both parties herein are not applicable for they were decided prior to 1955, when section 299 of the Civil Practice Act was amended to give, specifically, authority to a court to strike out a pleading of a party who willfully failed to appear or to produce books and records on an examination before trial. There is here no question of notice to the plaintiff of defendant's application and opportunity for the plaintiff to be heard and to comply with the order before dismissal was ordered. After the order of dismissal, plaintiff had the opportunity to appeal, and in fact did appeal from the judgment thereafter entered upon that order.

Many of the cases heretofore decided in this area concerned whether, absent a statutory grant, the court had the inherent power to order a dismissal of the defaulting party's case. Here we are concerned with whether such a dismissal, duly ordered pursuant to statutory authority granted, bars the party against whom it is ordered from thereafter commencing another action on the same facts and seeking essentially the same relief. Plaintiff urges that such action is not barred, citing section 482 of the Civil Practice Act, which provides that a final judgment dismissing the complaint before the close of plaintiff's evidence does not bar a new action. However, that section is designed primarily to prevent repeated trials of the same issues of fact (*Streeter* v. *Graham & Norton Co.*, 237 App. Div. 258, revd. on other grounds 263 N. Y. 39).

It appears unfair and inequitable that a plaintiff who had been unreasonably obstructive and by reason thereof had been previously dismissed should be permitted again to enter upon the same course by a new action. The judgment of dismissal herein, while one of default, nevertheless also arises upon the reason that a party who has had his chance at a fair hearing and by his own unwarranted obstruction has prevented a fair hearing has demonstrated that he has no claim or defense. The theory underlying section 299 is to prevent one party depriving the other of its right to a full and fair hearing on the issues by disobeying orders of the court concerning the production of evidence (*People* v. *Henriques & Co.*, 267 N. Y. 398). By so doing, the defaulting party is deemed to admit the lack of merit of its cause

(*Levine* v. *Moskowitz*, 206 App. Div. 194). The remedy is admittedly drastic and not to be indiscriminately imposed. However, the record in the instant case is replete with orders of this court not complied with by plaintiff. Holding the court powerless to prevent plaintiff from relitigating this claim, after its complaint was dismissed after several hearings on the motion to dismiss, would, in effect, leave the court powerless to effectuate its orders. By its willful course of conduct, the plaintiff is deemed to have admitted the lack of merit to its claim. Its remedy is not by starting anew but by complying with the court's order, when it had an opportunity to do so, or by appealing from the order of dismissal. The motion is granted dismissing the complaint.