(42 App. Div. 539.)

DONOVAN v. CITY OF OSWEGO.

(Supreme Court, Appellate Division, Fourth Department.   July 18, 1899.)

1. MUNICIPAL CORPORATIONS—BOND TO CITY — EXCAVATION IN STREET — PER-
   SONAL INJURIES—PARTIES.
      Where one to whom the city of Oswego grants permission to make an
   excavation in a street, to connect with a sewer, executes a bond to "pay
   any and all cost or damage resulting to the city on account of such opening
   of the street, and save said city harmless" in an action against the city
   for injuries caused by falling into the opening so made, the person giving
   such bond is a necessary defendant under the charter (Laws 1895, c. 394. §
   364), providing that, when an action is against the city, for which it would
   have a right of action against another person on a bond, the surety or
   sureties on said bond must be made co-defendants, as such person is
   within the statute, a surety to the city.

2. SAME—DAMAGES CLAIMED IN EXCESS OF THOSE IN BOND.
      That the damages claimed for injuries caused by falling into an excava-
   tion in a street is in a larger amount than those named in a bond to save
   the city harmless in making such opening will not prevent the person
   giving such bond from being a necessary defendant in an action to recover
   for such injuries.

3. SAME—NOTICE TO CITY BY INFANT.
      An infant, who has been injured by reason of a defect in a street in a
   city, may make a verified statement of her claim for damages, describing
   the time, place, cause, and extent of her injuries, when such a statement is
   required by the city charter before action against it.

Appeal from trial term, Oswego county.

Action by Nellie Donovan, by Mary J. Murray, her guardian ad
litem, against the city of Oswego.  From a judgment entered on a
verdict for plaintiff, and an order denying a motion for a new trial,
defendant appealed.  Reversed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN,
SPRING, and NASH, JJ.

Francis E. Hamilton, for appellant.
D. P. Morehouse, for respondent.

ADAMS, J.   The plaintiff brings this action to recover damages
for personal injuries sustained by her in consequence of falling into
an open trench or sewer upon West Ninth street, in the city of Os-
wego, and around which it is alleged in the complaint the defend-
ant had negligently omitted to erect proper barriers and to place
proper lights to warn people of the unsafe, defective, and danger-
ous condition of the street.  This trench, it appears, had been ex-
cavated opposite the residence of one Mary A. Glynn, presumably
to enable her to connect her premises with the trunk sewer run-
ning through the center of the street; and in order to obtain per-
mission from the municipal authorities to make such connection
Mrs. Glynn had executed under her hand and seal an instrument
in writing, whereby she bound herself, her heirs, executors, admin-
istrators, and assigns, to the city of Oswego, in the penal sum of
$500, to properly guard the opening to be made by her in West
Ninth street by day and by night, and to "pay any and all cost or
damage resulting to the city of Oswego on account of such opening

of the street as above, and save said city harmless." It is there-
fore obvious that, if the plaintiff shall be able to maintain the cause
of action set forth in her complaint, and establish any negligent
omission upon the part of the city to properly guard the excavation
into which she fell, the city will have the right to call upon Mrs.
Glynn to save it harmless from such damages as the plaintiff may
recover to the extent of the amount nominated in the bond above
referred to; and, this being the case, it is insisted that Mrs. Glynn
should have been made a party defendant to this action, inasmuch
as the city charter provides that "whenever an action is brought
against the city on a claim for which the city would have the right
of action against another person, company or corporation, upon a
bond, the surety or sureties on said bond must be made co-defend-
ants in said action." Laws 1895, c. 394, § 364. This provision was
doubtless incorporated into the defendant's organic law in order to
enable the city to protect itself from the negligent or wrongful acts
of third parties for which the city might be primarily liable to per-
sons injured in consequence thereof, without resorting to the ex-
pense and annoyance of separate actions against the various wrong-
doers. It is therefore one upon the observance of which the de-
fendant has a right to insist, and, inasmuch as the plaintiff has seen
fit, either inadvertently or for some other cause, to disregard its
plain mandate, we fail to see why she should be permitted to main-
tain her action.

The objection that there is a defect of parties defendant is one
which may properly be raised by answer, when it does not appear
upon the face of the complaint (Code Civ. Proc. § 498); and while
it is true that in this particular instance the pleader has failed to
aver such defect with that degree of particularity which the plaintiff
might have required had she insisted upon her strict legal rights,
it nevertheless appears that upon the trial the defendant's charter
was before the court, its provision regarding the necessity of making
Mrs. Glynn a party defendant was fully and freely discussed, and
the bond in question was actually introduced in evidence by the
plaintiff. In these circumstances we are persuaded that the plain-
tiff is now in no position to insist either that the defense of a de-
fect of parties defendant was not sufficiently pleaded, or that the
defendant's charter was not offered in evidence. But it is con-
tended upon the part of the plaintiff that Mrs. Glynn is not a proper
party defendant to this action, for the reason that the instrument
executed by her is not a bond, and for the further reason that the
obligation assumed by her when she signed the instrument, by what-
ever name it may be called, was that of a principal, and not a surety.
We think that neither of these propositions can be successfully
maintained. The obligation in question, although somewhat uncon-
ventional in form, obviously possesses all the essential elements of
a bond. It is signed and sealed by the obligor, who binds herself,
her heirs, executors, administrators, and assigns, in a penal sum,
which is fixed, to perform certain duties, and to save the obligee
therein named from all cost and damage resulting from her inter-
ference with the surface of the street. This certainly constitutes

a binding obligation, which would be available to the city in the event of a breach of any of the covenants which it contains; and, although Mrs. Glynn is the principal obligor, she is the only person liable upon the instrument which is designed to secure and indemnify the obligee against loss or damage. The bond, therefore, is a security, and any party obligated thereby is, in a certain sense, a surety to the defendant that the obligation will be fulfilled. See Cent. Dict. for a definition of the noun "surety."

It has been suggested that, the liability of the surety being limited to the amount named in the bond, there would be no propriety in making her a party defendant to an action in which the damages in a much larger amount are demanded and liable to be recovered; but this is a matter for adjustment between the obligor and obligee at the trial, and is one which in no way affects the right of the defendant to insist that the plaintiff shall observe the requirements of the charter as a condition of maintaining her action.

It is further urged by the defendant that the plaintiff has failed to comply with a provision contained in section 345 of its charter, which requires that a verified statement of her claim for damages, describing the time, place, cause, and extent of her injury, shall be presented to the common council of the city within three months after the happening thereof. It is not pretended that such a statement was not served upon the common council within the time named, but it is insisted that the same was ineffectual by reason of the fact that the plaintiff was an infant at the time she executed the same. This contention is clearly untenable. The office of such a statement as the one required by the defendant's charter is simply to furnish the municipality with such information as will enable it to either adjust or defend the claim presented, and the mere fact that the claimant is an infant certainly does not disqualify her from making a statement which will be efficient for the purpose for which it is designed. The result of our consideration of the various questions presented by the appellant is that the judgment and order appealed from should be reversed by reason of the omission of the plaintiff to make Mrs. Glynn a party defendant.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.