CHARLES KLEOPFERT v. CITY OF MINNEAPOLIS.[1]

July 3, 1903.

Nos. 13,510—(177).

**Defective Street—Negligence of Park Board—Pleading.**

In this—a personal injury—action it is *held*:

1. It appears from the allegations of the complaint that the place of the plaintiff's injury was in a public street of the defendant.

2. The defendant is liable to persons injured by the negligence of its park board in the care of such street, although the control of the street is not vested in the city council, but in the park board. It was not necessary in this case to serve the notice of injury on such board, but the service thereof on the city council was sufficient.

3. The complaint states facts constituting a cause of action.

Action in the district court for Hennepin county to recover $3,016 for personal injuries received while riding a bicycle on a public parkway. From an order, Elliott, J., sustaining a demurrer to the complaint, plaintiff appealed. Reversed.

*F. D. Larrabee,* for appellant.

*C. J. Rockwood,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Hennepin sustaining a general demurrer by the defendant to the complaint herein.

The here material allegations of the complaint are substantially these: The defendant is a municipal corporation, and, by the provisions of its charter (Sp. Laws 1889, p. 560, c. 30), a board of park com-

1 Reported in 95 N. W. 908.

missioners is created, and made a department of the government of the city, and empowered to acquire, govern, and control public highways and streets, to be known as "parkways," and otherwise; and, during all of the time herein alleged, a certain public street, highway, and parkway in the defendant city, known as "Kenwood Boulevard," was one of the parkways of the city, subject to the control and government of such board. On July 12, 1902, the city, by such board, negligently stretched and maintained a small rope across Kenwood Boulevard, a short distance from the ground, in front of the building numbered 1006, fronting on the boulevard. On the day named, the plaintiff was traveling along and upon the boulevard upon his bicycle, as he then and there had a right to do, without any knowledge of the existence of the rope, and, without any fault or contributory negligence upon his part whatever, and solely by reason of the negligence of the defendant and such board in so stretching and maintaining the rope across the boulevard, he was forced to, and did, run and propel his bicycle against a wagon then standing in such highway, and thereby the following personal injuries were inflicted upon him, to wit: * * * Within thirty days thereafter he caused to be served upon the city of Minneapolis, the defendant, its city council, and the president thereof, and the mayor and city clerk of the city, a notice of the fact of his injury, and of the place of receiving the same, as required by the laws of this state, a copy of which is attached to the complaint, and made a part thereof.

1. Counsel for the city, in support of his claim that the complaint does not state facts constituting a cause of action, assumes that the city would not be liable for the neglect of its officers or employees in the management of its parks, and, further, that the public street, highway, and parkway known as "Kenwood Boulevard," referred to in the complaint, is so essentially like a park in character that it is "impossible to conceive an argument in opposition"; hence the city is not liable for the alleged negligence of its park board in the management of the street or parkway in question.

Whether the city is liable for the negligence of its officers and employees in the management of its parks is a question which we do not decide in this case. The city is unquestionably liable for the negligence of its officers and agents in the care of its public streets, which results

in injury to persons and property lawfully thereon. Shartle v. City of Minneapolis, 17 Minn 284 (308). The question here to be determined is whether the allegations of the complaint which are admitted by the demurrer show that the locus in quo was a public street of the city. If so, then it follows that the city is liable for any negligence of the park board in the case of the street, unless the fact that its control is vested in the park board of the city, and not in the city council, differentiates this case from the one cited.

Now, whatever may be the actual fact, it is apparent from a mere reading of the allegations of the complaint that, if they are true, the locus in quo was a public street of the city, for the complaint alleges that the place of the plaintiff's injury was a certain public street, highway, and parkway in the city, known as "Kenwood Boulevard," which was one of the parkways of the city, subject to the government and control of the park board. This is not a conclusion of law, but an allegation of an ultimate fact, which is admitted for the purpose of determining whether or not the complaint states a cause of action. It by no means follows from this allegation, as claimed on behalf of the city, that the street or parkway in question is substantially a park, and therefore the assumed rule of nonliability of the city for the negligent acts of its agents in charge of its parks applies to the parkway. The charter of the city does not define either parks or parkways; hence the words are to be construed according to their common and approved usage. So construed, a park is not a public street, but a parkway is. A municipal park is a tract of land set apart and maintained for public use, and laid out, planted, and ornamented in such a way as to afford pleasure to the eye, as well as opportunity for open-air recreation. A municipal parkway is a street of special width, which is given a park-like appearance by planting its sides or center, or both, with grass, shade trees, and flowers. It is intended for recreation and for street purposes. In short, a parkway is essentially a boulevard, giving to the term its modern meaning. Century Dictionary.

The complaint therefore shows on its face that the place of the plaintiff's injury was in a public street of the city. We perceive no reason why the liability of the city for the negligence of those in charge of this street should be affected by the fact that it is under the control of the park board, and not of the city council. No such reason is sug-

gested by counsel for the city, and, on principle, we hold that the city is liable for the negligence of the park board in the care of the street.

2. It is also urged that it does not appear from the allegations of the complaint that the plaintiff's injury was caused by the alleged negligence. The allegation in this respect is to the effect that the plaintiff, solely by reason of the negligence of the city in stretching and maintaining the rope across the street, was forced, in order to avoid the rope, to run his bicycle which he was riding against a wagon standing in the street, whereby, without negligence on his part, he was injured. This is not a mere conclusion, but the allegation of a fact, and it fairly appears from the complaint that the alleged negligence was the cause of the injury complained of.

3. Lastly, it is urged that the complaint does not state a cause of action, because the notice of the injury was not served on the park board. The statute (Laws 1897, p. 460, c. 248) requires, and only requires, that the notice shall be given "to the city * * * council * * * or other governing body of such city." Now, the park board of the city of Minneapolis is not the governing body of the city, and it was not necessary to serve the notice of injury on it.

No other reasons are urged why the complaint does not state a cause of action, and we hold that it does.

·Order reversed.