## WINTER v. CITY OF NIAGARA FALLS.

(Supreme Court, Appellate Division, Fourth Department.  May 1, 1907.)

1. MUNICIPAL CORPORATIONS — INJURIES TO TRAVELERS — INFANTS — NOTICE—SERVICE.

Niagara Falls City Charter, § 53 (Laws 1892, p. 241, c. 143, as amended by Laws 1897, p. 1004, c. 739), provided that any claim for damages founded on the alleged negligence of a city must be presented to the common council in writing 30 days after the occurrence causing the injury, and that an omission so to do should be a bar to an action against the city. Held that, where an infant was injured by the negligent starting of a city steam roller in a street, such section did not absolutely require that he serve a notice on the city within that time, on pain of losing his right of action, in case he had not sufficient capacity or ability to do so.

2. SAME—LIMITATIONS.

Niagara City Charter, § 53 (Laws 1892, p. 241, c. 143, as amended by Laws 1897, p. 1004, c. 739), requires persons injured by the alleged negligence of the city to present their claims within 30 days; and Laws 1886, p. 801, c. 572, declares that no action for damages for personal injuries shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued.  Held that, where an infant was injured by the alleged negligence of a municipality, his service of notice within 30 days after the injury did not necessarily require that a suit should be begun within a year thereafter.

**3. SAME—WAIVER OF NOTICE.**

Niagara Falls City Charter, § 489 (Laws 1904, p. 792, c. 300), requires the corporation council to investigate all claims against the city for personal injuries, etc., and authorizes the city judge to compel the attendance of witnesses by subpœna, to testify in respect to such claim pending before the common council or referred to a committee. *Held*, that where an infant injured by the alleged negligence of the city failed to file a notice thereof within 30 days, as required by Niagara City Charter, § 53 (Laws 1892, p. 241, c. 143, as amended by Laws 1897, p. 1004, c. 739), but after notice had been served the corporation council caused plaintiff to appear and submit to examination as to his injuries, such proceeding constituted a waiver of the city's right to insist that the notice had not been served in time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1700.]

Kruse, J., dissenting.

Appeal from Trial Term, Niagara County.

Action by Albert J. Winter against the city of Niagara Falls. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

The complaint alleges that on the 13th day of May, 1901, the plaintiff was driving a horse attached to a delivery wagon along Michigan avenue, in the city of Niagara Falls. A steam roller, which had been standing in the street, and which was controlled and operated by the defendant, "suddenly and without warning" was set in motion, discharging steam and smoke with a loud noise, frightening the plaintiff's horse, so that he became unmanageable, running away, precipitating the plaintiff to the ground, and seriously injuring him. The complaint states facts indicating that the servants of the defendant were negligent in the operation of the roller, and the action is brought to recover for the injuries the plaintiff has sustained.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

John T. Ryan, for appellant.
Franklin J. MacKenna, for respondent.

SPRING, J. The defendant is a municipal corporation, and section 53 of its charter (chapter 143, p. 241, Laws 1892, as amended by chapter 739, p. 1004, Laws 1897), in operation at the time the plaintiff was injured, provided that any claim "for damages founded upon the alleged negligence of the city shall be presented to the common council in writing within thirty days after the occurrence causing such damages," and the contents of the notice are enumerated in the section. It also enacts that the omission to present a claim in compliance with the statute "shall be a bar to an action against the city." Further, that no action shall be commenced to enforce the claim until 40 days after it is presented to the common council for audit.

The plaintiff was in his eighteenth year at the time he was injured, and became of age July 17, 1904. No notice of claim or of intention to sue was presented to the common council by any one on behalf of the defendant until within 30 days after the plaintiff attained his majority. The complaint alleges that on the 19th day of July, 1904, the plaintiff caused a notice of intention to commence suit to recover damages for his injuries to be served on the clerk of the defendant,

and also a verified petition directed to the common council to be filed with the clerk, containing therein facts as to the nature and extent of the plaintiff's claim due to said accident, and that 40 days have expired since the filing of said petition.

The charter of the defendant had then been amended (chapter 300, p. 800, Laws 1904), and section 523, providing for the presentation of claims for damages arising from the alleged negligence of the defendant, was substantially a re-enactment of the provisions theretofore in force. The claims must be presented within 30 days, in the language of the amended statute, "after the happening of the accident or injury out of which the claim arose."

The contention of the plaintiff is that this is a statute of limitation, and it did not commence to run against him until he attained his majority; in other words, there being no specific disavowal of the Code provisions in the charter, that the disability of infancy is applicable to a claim of this kind as in other actions. Code of Civil Procedure, § 396. The trend of the recent cases has been to accord to claims of this character the benefit of the exceptions exempting the operation of the limitation statute in spite of subdivision 1, § 414, of the Code of Civil Procedure. Conolly v. Hyann, 176 N. Y. 403, 68 N. E. 662; McKnight v. City of N. Y., 186 N. Y. 35, 78 N. E. 576; Hayden v. Pierce, 144 N. Y. 512–518, 39 N. E. 638; Hamilton v. Royal Ins. Co., 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485; Titus v. Poole, 145 N. Y. 414, 40 N. E. 228; Crapo v. City of Syracuse, 183 N. Y. 395, 76 N. E. 465.

We think those cases are not applicable to the question pending before us. In those which may bear somewhat directly upon the question up for review there was involved the construction of chapter 572, p. 801, Laws 1886, which provided that:

"No action * * * for damages for personal injuries * * * shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued."

This was plainly a limitation upon the time to commence the action, and the courts have held with considerable uniformity that the cause of action did not accrue until there was a person capable of maintaining it; also that the exception for the benefit of an infant in section 396 of the Code of Civil Procedure is of general application. Section 414 enacts that the provisions contained in the chapter of the Code of Civil Procedure regulating the limitation of actions "constitute the only rules of limitation applicable to a civil action * * * except in one of the following cases, 'A case, where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties." The plaintiff was a minor when the action was commenced, and under 14 when injured. In the McKnight Case, supra, the court, in discussing the effect of this subdivision, stated that it would be "too narrow a construction" to hold that its effect was to deprive an infant plaintiff of the provisions of section 396 of the Code of Civil Procedure. Again, that the effect of the act of 1886 was to pare down the limitation of three years in subdivision 5 of section 383 of the Code to one year in actions for personal injuries against

cities of more than 50,000 inhabitants, and there is no evidence of any "legislative intent to deprive an injured infant in such cases of the benefit of the general exception in section 396." I have referred to these cases for the purpose of showing that they were directed solely to the period of limitation upon the commencement of actions in negligence cases.

The requirement that the person injured who seeks to hold the city liable for his injuries must, within 30 days "after the happening of the accident," present a claim showing the time and place of the accident, does not relate to the commencement of the action. The object of the requirement is to enable the municipal officers to investigate the genuineness of the claim while the facts are fresh and the evidence may more readily be obtainable justifying either the payment or the rejection of the claim. Sheehy v. City of New York, 160 N. Y. 139–143, 54 N. E. 721. Legislation of this kind has been a necessity, in view of the multitude of claims presented for personal injuries founded upon the alleged carelessness of the municipalities, and some of which claims have apparently been without merit. A reasonable construction should be given statutes of this kind; on the one hand, to render more difficult any attempt to mulct the cities by unfounded claims, and, on the other hand, not to interpose unreasonable technical barriers to the enforcement of those which are meritorious. No rigid rule can be established. If an infant of 10 years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If 20 years of age and mature, and not disabled unduly by his injuries, then the statutory requirements should be applicable. "Each case must be a law unto itself," within reasonable limits. In many of the cities there is a charter requirement that, where a plaintiff has been injured by reason of a defective street, his claim must be served upon a designated official of the city within 48 hours after the accident. The courts in construing this provision have held that, if the plaintiff was prevented by disability from serving the notice within the time of the charter requirement, a service shortly after the removal of the disability was a substantial compliance with the statute. ·Walden v. City of Jamestown, 178 N. Y. 213, 70 N. E. 466, affirming 79 App. Div. 433, 80 N. Y. Supp. 65.

In this case the plaintiff was 18 years of age, and we cannot determine on the complaint itself, without any proof, that he lacked the ability and intelligence common to young men of that age. He may have been able to serve the required notice within the 30 days, and yet not be capable of commencing the action within one year. The notice of his claim would not necessarily bar him from asserting his infancy as the reason for not commencing the action within a year. There are two independent requirements: One, to enable the city to investigate the character of the claim before it becomes stale and the evidence pertaining to it disappears; the other is purely a limitation upon the period for commencing the action, and disconnected with the preliminary examination of the demand. In the McKnight Case, the notice of intention to commence the action and "of the time and place at which the injuries were received" was filed on time. If that

had not been done, a different decision might have been rendered. The sole question in the case was as to the limitation upon the action, and no allusion is made to the filing of the notice of intention. A notice served by an infant is valid. Donovan v. City of Oswego, 42 App. Div. 539–542, 59 N. Y. Supp. 759. It does not follow, because he serves it, however, that he must commence the action within a year, if he does not reach his majority within that time. The service of the notice of claim is a condition precedent to the maintenance of the action. McMullin v. City of Middletown, 187 N. Y. 37, 79 N. E. 863; Curry v. City of Buffalo, 135 N. Y. 366–370, 32 N. E. 80. The reason for adhering somewhat strictly to this requirement is because of its importance to the city to enable it to make the investigation. It is not of so much interest to the municipality when the action may be commenced, but it should have an early opportunity to investigate the nature of the claim against it.

The Legislature which created the cause of action imposed the requirement, and a substantial compliance with it is a requisite to the right to recover, unless it has been waived. Passing this question, however, we are of the opinion that the necessity of presenting the notice of claim within 30 days has been waived by the defendant. Section 489 of the defendant's charter (chapter 300, p. 792, Laws 1904) makes it "the duty of the corporation counsel to cause all claims for personal injuries or damages to property to be thoroughly investigated." The city judge is authorized to compel the attendance of witnesses by subpœna to "testify in respect to such claim pending before the common council or referred to the committee," and he possesses authority to punish for contempt any one disobeying the subpœna or refusing to testify. Section 489.

The complaint alleges:

"That 40 days and more have expired since the filing of said petition; that, after this plaintiff had caused his verified claim to be served upon the common council of the city of Niagara Falls, he was subpœnaed by a member of the defendant's police force to appear before certain officers of said city, and in compliance with said subpœna did so appear and was then examined as to the cause of action and the injuries herein alleged, said examination being conducted by the city attorney, and each question and answer recorded."

In pursuance of this authority, according to the allegations of the complaint, an investigation was instituted. The plaintiff himself was subpœnaed and examined as to the cause of the accident and the extent of his injuries. If the notice was invalid, the defendant knew it at the time the plaintiff was subpœnaed. It could not trifle with the plaintiff by acting on the assumption that the claim possessed sufficient vitality to require his attendance before the city judge and be subjected to a cross-examination as to the substantive part of his claim, and when the action was commenced repudiate the demand because, forsooth, the notice was not served in time. This affirmative act on behalf of the defendant is incompatible with the position that the notice was void because not served within the time prescribed by the charter. The course of conduct adopted signified the purpose of the defendant to abandon its right to insist that the notice was served too late. When put to the trouble and expense of the examination on

the merits of his claim, the plaintiff was justified in believing that the defendant did not intend to ignore the notice altogether. The city could not follow a line of conduct in recognition of the proper service of the notice, and then later on disclaim the service. It elected its mode of procedure, and is bound by it.

In Forsyth v. City of Oswego, 114 App. Div. 616, 99 N. Y. Supp. 1022, the plaintiff failed to file the notice of claim within three months, which was the time specified in the city charter for the service of the notice. After the service of the notice, the plaintiff, at the instance of the municipal authorities, was examined as to the merits of the claim. This court held the investigation of the claim and the examination of the plaintiff was a waiver of the tardy service of the notice, saying, at page 618 of 114 App. Div., at page 1023 of 99 N. Y. Supp.:

"We think such action on the part of the defendant was a waiver by it of a notice in compliance with the statute, and that the defendant was estopped, after requiring the plaintiff to be examined as to the time and circumstances of the accident, from asserting that by his failure to serve a notice as required by the statute he could not maintain an action to recover damages for the injury sustained by him through the defendant's negligence."

To the same effect are Hamilton v. City of Buffalo, 55 App. Div. 423, 66 N. Y. Supp. 990, and Grothier v. N. Y. Brooklyn Bridge Co., 19 App. Div. 586, 46 N. Y. Supp. 621. The notice pertains to the remedy, instead of to the substantive cause of action (Sheehy v. City of N. Y., 160 N. Y. 143, 54 N. E. 749), and the defendant may waive defects in the manner of service. The notice of claim was in the form of a verified petition. Whether it was sufficient to meet the requirements of the charter as a notice we are unable to state. We will assume on this appeal it was adequate, as is alleged in the complaint.

The interlocutory judgment should be reversed, and the demurrer overruled.

Interlocutory judgment reversed, with costs and disbursements of this appeal; and demurrer overruled, with costs, with leave to the defendant to plead over on payment of such costs and disbursements.

WILLIAMS and ROBSON, JJ., concur. McLENNAN, P. J., concurs on ground that statute did not commence to run until after plaintiff became 21.

KRUSE, J. (dissenting). I agree with Mr. Justice SPRING that the provisions of the defendant's charter, requiring a claim against the defendant city, such as is set forth in the complaint, to be presented to the common council within 30 days after the occurrence causing the damages or the happening of the accident, or the injury out of which the claim arose, is not merely a statute limiting the time for the commencement of the action, but a condition precedent to the maintenance of the action at all. I do not, however, concur in the view that the complaint shows that the provisions of the statute have been waived by the plaintiff. The fact that the plaintiff was subpoenaed by a member of the defendant's police force to appear before certain officers of the city not named, and attend, and that the plaintiff 'did appear,.

and the examination was conducted by the city attorney, does not necessarily show a waiver. There is no allegation in the complaint that the provisions of the charter referred to were waived by the defendant, and these facts do not even come within the provisions of the charter, which provides for the examination of a claim. Counsel for the plaintiff calls our attention to section 489 of the defendant's charter, which permits the defendant to issue a subpœna to compel the attendance of persons to appear and testify before the corporation counsel, in respect to claims for personal injuries; but there is no allegation in the complaint that the subpœna was issued by the defendant, or that the plaintiff testified before the corporation counsel. Nor does it appear what the testimony of the plaintiff was, or the nature thereof, beyond the general statement that he was examined as to the cause of action and the injuries alleged in the complaint. Just what the precise nature of the proceeding was in which the plaintiff was examined by the corporation counsel does not appear. I think the allegation falls far short of a plea of waiver. Beyond that I am not impressed with the claim that the mere fact that the corporation counsel, in performing a duty which the charter imposed upon him (if such was the nature of this proceeding) was a waiver upon the part of the defendant of noncompliance by the plaintiff with this provision. I think the complaint showed neither a substantial compliance nor a waiver of the provisions of the defendant's charter respecting the presentation of claims of this character.

I vote for affirmance.