CITY OF HOLDENVILLE v. TALLEY.

No. 34756.   Jan. 29, 1952.

*240 P. 2d 761.*

David H. Turner, City Atty., Holden-ville, for plaintiff in error.

Hugh M. Sandlin and Anglin, Stevenson & Huser, Holdenville, for defendant in error.

JOHNSON, J. This is an action by Nellie Talley to recover damages against the city of Holdenville for personal injuries sustained by her when she fell into an open drainage ditch or storm sewer constructed on North Hinckley street.

The ditch was constructed in 1936. It was a W. P. A. project promoted by the city. It was constructed under the supervision of W. P. A. and by W. P. A. labor and was financed in part by the Federal Government and in part by the State Highway Department. The city furnished trucks to haul material used in its construction.

The ditch in part extends along North Hinckley street in the city of Holdenville and was laid between the curb line and the sidewalk. The outer walls of the ditch extend to within one and one-half feet of the curb line. It extends to a point at the south boundary line of a lot owned, improved and being occupied by Mrs. Arie Roberts, at which point water passing through the ditch is discharged under a culvert built across the street by the State Highway Department. U. S. Highway 270 is routed over this street. The ditch was constructed to drain water from city streets which accumulates in heavy rainfall including water from streets over which U. S. Highway 270 is routed. The ditch is an open ditch and the sides are lined by and the floor is covered with concrete. It is about five feet in depth at the point where plaintiff fell into it. It was constructed in accordance with plans and specifications furnished by the State Highway Department.

Plaintiff is a resident of the State of California. On or about the 1st day of July, 1949, accompanied by her husband she left for a visit with relatives and friends in Oklahoma. She arrived in Holdenville on the 4th day of July where she visited with her father-in-law. About 9 o'clock that night she, her husband and father-in-law, by automobile, left for a visit with Mrs. Arie Roberts, her sister-in-law, who resided at 913 North Hinckley street. The automobile was driven by her husband. Upon arriving the car was parked along the curb line immediately in front of the home of Mrs. Roberts. At this point plaintiff left the car and in so doing stepped across the curb into the parkway and fell into the open ditch causing severe bodily injury from which she has not yet recovered. The night was dark, the street was not lighted and the ditch was shaded by trees growing close to the ditch. She could not see the ditch. There were no guardrails or warning signals of any kind placed around or about the ditch to warn the public of its existence. Plaintiff had never been on the premises before and had no knowledge of the existence of the ditch. The children of other families living in the same vicinity on different occasions had fallen into the ditch. The parents of these children notified the city authorities of such occurrences and demanded that such condition be remedied. The city, however, has failed to do so.

The above statement, in substance, constitutes the facts in the case.

The defense is based on the theory that in the construction of drainage ditches for the purpose of draining water from its streets, the city was engaged in a governmental function as distinguished from a proprietary or corporate function that the ditch was constructed under plans and specifications furnished by the State Highway Department, and that the city is not therefore liable for injuries sustained because of errors in judgment in the adoption of the plan.

The case was tried to a jury resulting in a verdict in favor of plaintiff in the sum of $2,500. Judgment was entered

on the verdict. Defendant has appealed and relies for reversal upon the error of the court in giving its instruction No. 17 and in refusing its requested instruction No. 1.

In its instruction No. 17 the jury is charged as to the distinction between liability against the city while exercising governmental functions and its liability while exercising proprietary or corporate functions; that in constructing drains by a city for the purpose of draining water from its streets, it is acting in a governmental capacity and further instructs the jury:

". . . In the exercise of this type and class of powers exercised by the City, it has discretion and latitude in determining the type of construction, the fixing of the grades, the elevation and drainage depression, and the city is not liable under the theory of negligence on their part, unless the plan or method of construction and maintenance is unsafe or creates a danger resulting from the type of construction or maintenance."

Defendant excepts to the latter part of this instruction. It is its contention that the jury should have been instructed that a city is not liable as negligent in the construction of a ditch for the purpose of draining its streets because of error of judgment in adopting the plan or method of construction unless the plan or method of construction was so palpably unsafe or created a manifest danger resulting from the type of construction which all men of reasonable prudence and intelligence would agree was unjustified and unsound planning, and requested the court to so instruct the jury.

Defendant's contention in this respect is correct as an abstract proposition of law. City of Tulsa v. Roberts, 188 Okla. 249, 107 P. 2d 1006; Lewis v. City of Tulsa, 179 Okla. 176, 64 P. 2d 675.

The instruction is correct in principle but is inaccurately worded. It does not, however, appear that the jury could have been misled thereby. The error

in giving this instruction is therefore harmless.

The ditch was constructed in the parkway of a thickly populated residential district. It was permitted to remain open and unprotected and thus created a dangerous situation or condition for those who had occasion to use the parkway. The city was cognizant of this condition and upon demand refused to remedy it. In this respect the city was guilty of negligence.

It is the duty of a municipality to maintain its streets and sidewalks in a reasonably safe condition for public use and its duty in this respect as to its sidewalks is not confined within the exact lines followed by the public in passing over sidewalks but includes the duty to protect the public from dangers near the sidewalks. City of Muskogee v. Roberts, 193 Okla. 61, 141 P. 2d 100; Oklahoma City v. Stewart, 155 Okla. 37, 8 P. 2d 30.

It is generally held that where a municipality in laying out its streets sets aside a plot of ground between the curb line and building line as a parkway, the parkway constitutes a part of the street. Village of Grosse Pointe Shores v. Ayres, 254 Mich. 58, 235 N.W. 829; Kleopfert v. City of Minneapolis, 90 Minn. 158, 95 N. W. 908; Castro v. Sutter Creek Union High School Dist., 25 Cal. App. 2d 372, 77 P. 2d 509.

This court in City of Tulsa v. Ensign, 189 Okla. 507, 117 P. 2d 1013, said:

"It is common knowledge that in most of the cities of this state the streets in the residential districts are so laid out that there are grass plots between the sidewalk and the building line, also between the sidewalk and the curb line, which not infrequently contain trees, flowers, or ornamental shrubs, and grass, which serve the purpose of making the street more attractive to those who live upon it or pass through it.

"These areas so devoted to ornamentation are still a part of the highway and the municipality must use a reason-

able degree of care with reference to their condition."

It was the duty of the city in the present case to exercise a reasonable degree of care to keep its parkway in a reasonably safe condition for use by the public. The evidence is sufficient to sustain the finding of the jury that it failed to perform that duty. The city is therefore liable in damages to plaintiff for injuries sustained by her because of its negligence in this respect.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.