492 P.2d 1335

**Delores Ann GALLEGOS, by her Guardian ad Litem Fidel Gallegos, and Fidel Gallegos, Plaintiffs and Appellants,**

**v.**

**MIDVALE CITY, a municipal corporation, Defendant and Respondent,**

**and**

**Roby A. Tester and Nellie K. Tester, Defendants.**

**No. 12312.**

Supreme Court of Utah.

Jan. 19, 1972.

Richard C. Dibblee, Rawling, Roberts & Black, Salt Lake City, for plaintiffs and appellants.

Reed L. Martineau, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Delores Gallegos, age 2, was injured when her tricycle collided with a fence defendant Roby A. Tester had placed around a newly planted lawn in the area between the sidewalk and gutter in front of his home at 570 Adams Street in Midvale. Her father Fidel Gallegos, as guardian ad litem, sued Mr. Tester and Midvale City alleging their negligence in so placing the fence. The accident occurred in July 1, 1966; and the notice and claim was not filed with the city until seven months later, on February 26, 1967.

On the basis of the pleadings, depositions and documentary evidence, the district court granted summary judgment as to the defendant Midvale City on the ground that notice of claim had not been given to the city as required by the following sections of our statutes:

10–7–77: Every claim against a city . . . for damages or injury, alleged to have been caused by the defective, unsafe, dangerous . . . condition of any street, alley, crosswalk, sidewalk, . . . of such city or town, . . . shall *within thirty days* after the happening of such injury or damage be presented to the board of commissioners or city council of such city . . . and no action shall be maintained . . . *unless* it appears that *the claim* for which the action was brought *was presented as aforesaid* . . . [Emphasis added.]

10–7–78: Failure to file, a bar— . . . It shall be a sufficient bar to any action . . . mentioned in section 10–7–77, that such claim had not been presented to the governing body of such city . . . within the time specified in section 10–7–77; . . . ..

■ The first point raised by plaintiff is that the "parking strip" between the sidewalk and the curb, is not part of the street, and therefore not governed by the requirement in that statute that the claim be filed within thirty days. It is undisputed that the city is the owner of the entire street area, from the private property line on the east side to the property line on the west side of the street. We are not at all persuaded by the argument that terms "street, alley, crosswalk, sidewalk, . . ." should be so closely interpreted as to indicate only the area used in pedestrian or vehicular travel. But as applicable here we think the statute covers the entire area from the private property line on one side of the street to the other. Such language is quite generally held to include the parking strip between the curb and the sidewalk or the building line.[1]

■ Plaintiff's other point is that the injured child, being but two years old, should not be barred from bringing her action because of failure to give notice within the thirty days as prescribed by said Sec. 10–7–77. To be considered in connection therewith is another statute, part of the statute of limitations, Sec. 78–12–36, U.C.A.1953, which provides:

If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, . . . :

(1) Under the age of majority;

. . . . . .

The time of such disability is not a part of the time limited for the commencement of the action.

There thus arises the question as to where the emphasis should be placed and precedence given as between two statutes which seem to overlap, and where a literal application of either, if the other did not exist, would produce a different result. In resolving such a problem, it is helpful to seek assistance in rules of statutory construction, policy considerations, and decisional precedents.

The Doctrine of Sovereign Immunity which would ordinarily protect the City from such a suit was part of the common law and thus part of the body of law which was assimilated into the law of this jurisdiction at statehood.[2] The allowance of a claim against the city for injuries which may be suffered because of the ". . . defective, unsafe, dangerous . . . condition of any street . . ." is a statutorily created exception to the Doctrine of Sovereign Immunity. Inasmuch as the maintenance of such a cause of action derives from such statutory au-

---

1. City of Holdenville v. Talley, 205 Okla. 693, 240 P.2d 761 (1952); Morris v. Salt Lake City, 35 Utah 474, 101 P. 373 (1909).

2. Sec. 68–3–1, U.C.A.1953.

thority, a prerequisite thereto is meeting the conditions prescribed in the statute.[3] A party seeking to obtain the benefit thereof should not be entitled to claim the favorable aspects which confer the rights, and disavow the conditions upon which the rights are predicated. As applied here, that principle harmonizes with the rule of statutory construction that the statute dealing with the specific subject will usually be given preference over a statute of a general nature.[4]

There are very good reasons for the provision in Sec. 10–7–77 which requires that notice shall be given within thirty days to the

> . . . city council of such city . . . in writing, . . . properly verified, stating the particular time . . . and describing the particular place . . .

This alerts the public authorities so that a proper and timely investigation of the claim can be made. Under the contention of the plaintiff the necessity for filing such a notice would be extended during the entire time of a disability including a child's minority. Such an interpretation would have the effect for all practical purposes of depriving the City of any advantage conferred by the notice requirement. The unsatisfactory aspects of such a situation: Deprivation of the city of an opportunity to make a prompt investigation of the particular case, and if any defect is found to exist to remedy it; the possibility that changes may have occurred in the material circumstances; and the carry-over to subsequent city administrations of responsibility for accidents that may have previously occurred, are sufficiently obvious not to require further elaboration.

This court was confronted with the same problem in the case of Hurley v. Bingham.[5] There an eight year old child was injured when he collided with an obstruction in the street. In order to avoid the notice requirement, the plaintiff invoked the then existing statute, Sec. 6480, C.L.U.1917 (similar to Sec. 78–12–36 quoted above) the general provision tolling the statute of limitations. The court rejected the plaintiff's contention pointing to the specificity of the then extant statutes, Secs. 816 and 817, C.L.U.1917 (In pertinent parts the same as our present Secs. 10–7–77 and 78 referred to above). It placed

---

3. For a good statement concerning the principle that public entities may be sued only upon the conditions prescribed by the legislature, see Artukovich v. Astendorf; 21 Cal.2d 329, 131 P.2d 831 (1942); see also Redlands High Sch. Dist. v. Superior Ct., 20 Cal.2d 348, 125 P.2d 490 (1942).

4. U. of U. v. Richards, 20 Utah 457, 59 P. 96 (1899), State v. Geurts, 11 Utah 2d 345, 359 P.2d 12 (1961).

5. 63 Utah 589, 228 P. 213 (1924).

emphasis on the language of Sec. 817 that: "It shall be a sufficient bar to any action . . . that such claims had not been presented to the City Council . . . in the manner and within the time Sec. 816 specified [thirty days] . . . ." and noted that it "made no exceptions whatever, either on account of age or mental or physical infirmity, . . . ." The court stated that ". . . the right to any damages at all is purely statutory, it can only be availed of when there has been a reasonable effort to comply with the conditions upon which the right is conferred."

These further observations are to be made with respect to the plaintiff's contentions. Even if it were supposed that the parking area is not part of the street and thus not governed by Sec. 10–7–77, it would then be governed by the Waiver of Governmental Immunity Act, Chap. 139, S.L.Ü.1965. Under Sec. 13 thereof (Sec. 63–30–13, U.C.A.1953) the claim would have had to be filed within 90 days, so the plaintiff's claim would have been filed much too late. It is also important that said Section 13 expressly provides that any liability for defective streets is governed by Sec. 10–7–77. This is a later clear and unequivocal reaffirmation by the legislature of the law as decided in the Hurley case, supra.

Argument is also made that holding the plaintiff to the 30 day notice requirement of the statute deprives her of equal protection of the laws. In addition to the practical considerations necessary for the protection of the public entity referred to herein, it should also be had in mind that the little girl's welfare was being looked after by her parents as her natural guardians. They were as fully aware of her injuries and the cause thereof as if it had happened to one of themselves, and they could have proceeded earlier, the same as any other person who claimed to be injured or damaged because of the City's fault.

We have no disagreement with the proposition that if an error has been committed in the judicial interpretation or application of the law it should not be regarded as so cast in concrete that it must live in perpetuity. When such an error is recognized, the same authority which made it has the power, and should have the willingness, to correct it.[6] Nevertheless, any contemplated change in the decisional law requires due consideration for the values in the doctrine of stare decisis. One of the primary purposes and the most important attributes of the law is that there be a system of rules which have solidarity and continuity so that people can know what

6. Allen v. Board of Education, etc., 120 Utah 556, 236 P.2d 756; and cf. Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873; Salt Lake City v. Ind. Comm., 93 Utah 510, 74 P.2d 657.

the law is and place reliance thereon and govern themselves accordingly. For these reasons the law should not be changed except for persuasive reasons and when it is clear that there has been made a plain and obvious error. Viewed in the light of those principles, we do not think that the rule of the Hurley case, supra, which has been the law adjudicating the statutes under scrutiny here for nearly a half century, should be changed judicially. If there is to be any change therein it should be done by a clear expression to that effect by the legislature.[7]

Affirmed. The parties to bear their own costs.

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

ELLETT, Justice (dissenting).

I am unable to agree with the ruling announced in the prevailing opinion, although there are several cases in Utah to support the opinion as written, the most important of which is Hurley v. Bingham City.[1] In my opinion these cases should be overruled. None of them considered constitutional questions, and they simply interpreted the language of the statute as written. The question of whether due process was afforded a minor was not even raised; nor was the matter of equal protection of the law considered.

The sections of the law[2] relied upon by Midvale City had their genesis in 1898 and now in substance provide that no action can be brought against a city for injuries received by reason of a defective condition of a street, etc., unless a verified written statement is filed with the city within 30 days following the occurrence of the injury.

At the time of the Hurley decision this court was of the opinion that the statute was valid, and no one now questions its validity except in its application to certain factual situations like the one in question where the plaintiff is a two-year-old infant.

Prior to 1965 the State and its municipalities were immune from suit except as the statute may have permitted it. Now governmental immunity has been waived[3] in many situations. However, in actions against cities arising out of defects in streets the old requirement of notice is retained. The cause of action exists by virtue of the common law. If the notice requirement is a limitation on the bringing of an action, then it denies to an infant that which is given to an adult and thus denies the equal protection of the law in violation

7. Davis v. Provo City, 1 Utah 2d 244, 265 P.2d 415.

1. 63 Utah 589, 228 P. 213 (1924).

2. Sections 10-7-77 and 78, U.C.A.1953.

3. Laws of Utah 1965, Chapter 139.

of Article I, Sections 7, 11, and 24, of the Utah Constitution, which read as follows:

Sec. 7. No person shall be deprived of life, liberty or property, without due process of law.

Sec. 11. All courts shall be open, and every person, for an injury done to him in his person, . . . shall have remedy by due course of law, which shall be administered without denial . . .

Sec. 24. All laws of a general nature shall have uniform operation.

If an infant is incapable of giving the required notice, is it not denied the benefits under the provisions of the Constitition as above set out?

A statute which by its terms prevents an infant from suing for injuries received unless it gives notice at a time when it is impossible for the infant to do so does not seem to me to afford due process of law to the infant.

The law does not require the doing of an impossible thing, and yet this notice statute requires a two-year-old infant to give verified, written notice within 30 days of her injury or to have it given by some person authorized to sign the same.

It is difficult for me to see how anyone other than a guardian can be *authorized* to give the notice. There is talk about parents being natural guardians of an infant, yet they have no authority to bring an action on the child's behalf. Why then should they be able to prevent the child from bringing one simply because of stupidity, inadvertence, or ignorance on their part? They are not the ones who lost the sight of an eye. Would the matter be any different for an orphan than for a child of uninformed parents? I fail to see how a two-year-old child can authorize anyone to make the report on its behalf.

In arriving at its decision in the Hurley case, this court passed rather lightly over the cases which in my opinion it should have followed. One of those cases is City of Tulsa v. Wells.[4] At page 596 of 63 Utah, at page 215 of 228 P. this court said: "We are unable to say upon what rule or theory the Oklahoma case was decided."

To me that case is clear in its holding. The city charter required 30 days' notice to the city as a condition precedent to suit. The injured plaintiff, a minor of 13 years, was rendered unconscious for more than 30 days following his injury. There the trial court instructed the jury that the notice requirement was valid unless the plaintiff "was of such immature age or that his mental or physical capacity was so impaired by the alleged injury complained of that he would not be of such mental or physical capacity to seek to know his rights or understand them if stated to him or ap-

4. 79 Okl. 39, 191 P. 186 (1920).

**34**

prehended the need of searching out or enforcing his legal remedies or if his mental capacity was such that he would not be reasonably expected to take any step to ascertain what his rights were, then in such event he would be excused from giving the notice required by the charter so long as such mental or physical incapacity existed or until a guardian was appointed for him, and in the event of such finding, then the fact that the notice was not given within the time required by the charter, would not of itself prevent the plaintiff from recovering; but, on the other hand, unless you should so find as above·stated, by a fair preponderance of the evidence, then your verdict should be for the defendant."

The jury found for the minor plaintiff, and the Oklahoma Supreme Court affirmed. That which seemed doubtful to this court in the Hurley case seems crystal clear to me, and that is that when a plaintiff is unable, because of minority, mentality, or physical condition, to understand his rights if they were explained to him, then he is relieved from doing the impossible thing of giving notice to a city.

It is claimed that the notice requirement is to enable the city to make a proper investigation of the circumstances in connection with the claimed injury. That claim seems weak when it is realized that in case of death resulting from causes other than

defects in a street, etc., no such notice is required.[5]

I am unable to see why the city is any more prejudiced in the one case than in the other. The fact that the waterworks may or may not be a part of a financial venture does not lessen the need for the city to make a speedy investigation. Certainly any delay in bringing an action would be equally prejudicial, if not more so, to the infant than it would be to the city.

Another case [6] in point was said by our court to have been decided on one of Brown's legal maxims. In that case the Illinois statute required a six months' notice as a condition precedent to the bringing of an action against a city. The constitutional question was not raised on appeal in the appellate court. However, the Supreme Court of Illinois in reversing the appellate court and affirming the trial court where judgment was for the infant said at 120 N.E. 477:

We have repeatedly held that this act is constitutional. Appellant contends that such a construction as that contended for by appellee would render it unconstitutional. By submitting the case to the Appellate Court, all constitutional questions were waived, and appellant cannot now question the validity of the act. However, as the question presented

5. Brown v. Salt Lake City, 33 Utah 222, 93 P. 570 (1908).

6. McDonald v. City of Spring Valley, 285 Ill. 52, 120 N.E. 476 (1918).

is simply one of construction, it is not improper to say that if the construction insisted upon by appellee were adopted it would undoubtedly render the act unconstitutional, as depriving appellant of due process of law. The act is meant to apply only to those who are mentally and physically capable of comprehending and complying with its terms . . .

With equal ease this court in the hurley case ignored the case of Murphy v. Village of Ft. Edwards.[7] There a statute required a sixty-day notice to be filed with the village before an action could be brought. The Plaintiff, a five-year-old child, brought an action through a guardian ad litem without having filed the required notice of injury within the required sixty days. The trial court set aside a verdict for the infant, and the appellate division reversed. The Court of Appeals affirmed, saying:

> In this state the maxim that the law does not seek to compel a man to do that which he cannot possibly perform has been made the basis for the principle that physical and mental inability to comply with a statutory provision of the kind under consideration excuses the concompliance. [Citations omitted.]

> This court has not declared that infancy creates or is a condition of mental or physical inability. There are two

suggestive judicial utterances. The one of Judge Gray in the Winter Case [Winter v. City of Niagara Falls, 119 App. Div. 586, 104 N.Y.S. 39]:

> "The plaintiff was 18 years of age and, so far as the complaint shows, presumably was able to cause a claim to be filed, and the statute makes no exception as to persons."

The other of Judge Spring in the opinion of the Appellate Division in the Winter Case, 119 App.Div. 586, 104 N. Y.S. 39:

> "If an infant of 10 years is injured, with no one capable of presenting a claim to the common council, the strict limitation of the statute should not be raised against him. If 20 years of age and mature, and not disabled unduly by his injuries, then the statutory requirements should be applicable."

There are cases holding that a parent is the natural guardian and protector of the rights of his infant child. It cannot, however, be justly held, we think, that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy.

We are of the opinion that immature infancy, which includes the age of five years, is, as a matter of law, a condition of physical and mental inability excusing

---

7.  213 N.Y. 397, 107 N.E. 716, 717 (1915).

**36**

compliance with the requirement of section 341. . . .

The Hurley case misstates the provisions of the city charter in discussing the Washington case of Born v. City of Spokane.[8] In reference to that case, this court at 63 Utah 596, 228 P. 216 said:

. . . In that case, however, the city charter, after providing that claims must be filed with the city within a certain time, also provided that if it be impossible for the claimant, owing to either a physical or mental disability, to make his claim within the time prescribed, literal compliance as to the time limitation will not be required. . . .

One looks in vain in the Born case to find any reference to such a provision in the city charter. In fact, the opinion at 68 P. 387 states:

. . . [A] reasonable compliance with its terms is all that can be demanded; and, if it appears that it was an impossibility for the claimant to make his claim within the time prescribed, he will not be held to a literal compliance with the provisions of the law. . . .

The Born case further held:

. . . We think the general rule is that it must be shown that there is such physical or mental incapacity as to make it impossible for the injured person to

procure the notice to be served, and, if there is an actual incapacity, it makes very little difference, in reason, whether the incapacity is mental or physical.

. . .

The later Washington case of Ehrhardt v. City of Seattle, 33 Wash. 664, 74 P. 827 (1903) makes no reference to any special statute such as referred to in the Hurley case. In Ehrhardt the holding is sufficiently set forth in headnote 3, which is as follows:

That one injured on account of a defective city street was, for more than 30 days thereafter, incapacitated from transacting any business, was a sufficient excuse for his noncompliance with an ordinance of the city requiring claims for damages to be presented within 30 days.

The Montana case of Lazich v. Belanger et al., 111 Mont. 48, 105 P.2d 738 (1940), held that the right of an infant of tender years to maintain an action against a city for injuries resulting from defective streets and sidewalks is not defeated by the failure of the infant or its parents to give notice thereof within the period of time required by statute.

In City of Colorado Springs v. Colburn,[9] the city raised the defense of failure to give the required notice of injury within

8. 27 Wash. 719, 68 P. 386 (1902).

9. 102 Colo. 483, 81 P.2d 397, 398 (1938).

the specified time. In affirming a judgment for the plaintiff, the Colorado Supreme Court said:

> While respectable authority has held that under statutes similar to ours, a failure to give the required notice to the city within the statutory time fixed cannot be excused, and that the statute must be strictly construed, we are inclined to adopt what we conceive to be the more reasonable and humane rule, also approved by respectable authority, to the effect that under proper circumstances of mental and physical incapacity, giving of notice is excused, the question as to the sufficiency of the circumstances to work such excuse properly to be submitted to the jury, as was done here . . .

The Special Court of Appeals of Virginia held in Bowles v. City of Richmond [10] that incapacity to give the required notice excuses entirely the compliance therewith.

The charter of the City of Washington, North Carolina, provided for a notice of injury to be filed within six months as a condition precedent to instituting an action against the city. In the case of Terrell v. City of Washington,[11] the court said:

> . . . The general rule in such cases seems to be that, in order to excuse a strict compliance with the provision, it must be shown that there is such physical or mental incapacity as to make it impossible for the injured person, by any ordinary means at his command, to procure service of the notice or a filing of the claim, whichever is required, and, if there is an actual incapacity, it can make no practical difference in reason whether it is mental or physical in its nature . . . . It may very properly be said that it would, in truth, shock the sense of justice and right if this provision was construed so as to hold the notice of the plaintiff's claim insufficient under the circumstances. It is an accepted maxim that the law does not seek to compel that to be done which is impossible. It cannot reasonably be presumed that the intention of the Legislature, in enacting this charter, would lead to any such injust conclusion, and it is a fundamental canon of interpretation that a thing which is within the letter of a statute is not within the statute itself, unless it is within the intention of the makers . . . .

In Randolph v. City of Springfield [12] a demurrer was sustained to the complaint for failure to state that timely notice had been given. Plaintiff's complaint stated that she was injured so severely that she

10. 147 Va. 720, 133 S.E. 593 (1926).
11. 158 N.C. 281, 73 S.E. 888, 895 (1912).
12. 302 Mo. 33, 257 S.W. 449, 451 (1923).

**38**

was incapacitated from giving it. In reversing the trial court, the Supreme Court of Missouri stated:

. . . If plaintiff had not been so severely injured by the defendant's negligence as to prevent her from giving such notice, she could have given it, and would then not have been deprived by the statute of her right of action or remedy for the wrong inflicted upon her by the city. But if the construction of the statute by the lower court is correct, the fact that she was so seriously injured by the negligence of the city that she was unable to give such notice would make the statute, for that reason, deprive her of all right or remedy for the wrong inflicted upon her. In other words, if she is injured severely enough to prevent her from giving such notice of her injury, as required by said section of the statute, the statute forbids the courts of justice from being opened to her, and deprives her of all right and remedy for the injury she sustained by reason of the negligence of the city. It is clear enough that, if such a provision had been expressly contained in said section of the statute, it would have been in conflict with said section 10, art. 2, of the Constitution. If such an intent on the part of the Legislature is implied, such implication would be equally inoperative and void as conflicting with the Constitution.

Cases bearing upon this question are collected in annotations found in 31 A.L.R. at page 618 and in 34 A.L.R.2d at page 729.

Text material in 56 Am.Jur.2d, Mun. Corp. § 776 reads:

. . . Thus on the one hand, a number of courts have held that incapacity to give the requisite notice, whether resulting from the injuries received, or from immature infancy, is no excuse for failure to give timely notice . . . .

On the other hand, some courts have held that even though the statute has no specific provision regarding delay in giving or failure to give notice, failure to give the statutory notice within the allotted time will not bar recovery where there have been extenuating circumstances, such as mental or physical incapacity, or immature infancy, which prevented strict compliance with the notice requirement. There is considerable authority to the effect that so to construe statutory provisions of the character under consideration as to make them apply to infants and persons who are mentally and physically incapable of giving the required notice within the period specified would render the statutes unconstitutional, as depriving such persons of due process of law. In other cases it has been held that the constitutional requirement providing a remedy for every wrong precludes construction

of a notice requirement so as to bar an action by one who was unable, because of infancy or other disability, to comply with its terms. And it has been held that to so construe such statutes would serve to deprive people of that equal protection of the law which the very spirit of our institutions demands.

While there is a division of authority, the better reasoned cases in my mind are contrary to the Hurley case and should be followed. I would reverse the summary judgment and remand this case for a trial on the merits, and would award no costs.