Demsey D. WHITAKER et al.,
Plaintiffs and Appellants,

v.

SALT LAKE CITY CORPORATION, a municipal corporation, Defendant and Respondent.

No. 13438.

Supreme Court of Utah.

May 30, 1974.

Don L. Bybee, Roger Blaylock, of Bybee, Larsen, Blaylock & Cannon, Salt Lake City, for plaintiffs and appellants.

David W. Slagle, Merlin Lybbert, of Worsley, Snow & Christensen, Salt Lake City, for defendant and respondent.

HENRIOD, Justice:

Appeal from a no cause of action judgment in a case involving an eight year old boy, seriously injured in a cave-in at a city-owned clay bank adjacent to a small park it maintained. Reversed with no costs awarded.

This suit was bottomed on negligence, allegedly compensable under the Utah Governmental Immunity Act (63–30, Utah Code Annotated 1953, as amended).

■ Although plaintiffs urge three points on appeal, the only one of seeming importance here is: 1) That the city is estopped to assert the limitations statute aspect in the act, (63–30–13, 14 & 15): i. e. Sec. 13) filing claim with city within 30 days, (see Title 10–7–77, U.C.A.1953)—which was accomplished here; Sec. 14) after which the city "or its insurance carrier" has 90 days to approve or deny the claim,—after which, if there has been no such approval or denial, "[the] claim shall be deemed to have been denied"; Sec. 15) after which time the claimant must file a suit within one year or forever be barred from asserting it—which filing timely was not accomplished in this case. This last bit of profundity is the nub of this litigation and appeal.

Plaintiffs' lawyer said that he did not file the suit within the proscribed statutory time because the insurance company's adjuster and the city's lawyer lulled him into such failure by assuring him there would be a settlement within the policy limits, accompanied by a firm offer and acceptance, but that records and medical reports first

would be required, that did not forthcome because of dilatory defense tactics, until the deadline for filing suit would have expired. This suit followed, which statutorily obviously was too late, and plaintiffs' claim barred,—*unless,* plaintiffs' counsel (even though apparently gullible and lullable) says equity frowns on such gulling and lulling.

The defendant's counsel, as frequently is wont to be, in bold print and loud voice denied all this, saying there was no genuine issue of fact, suggesting that plaintiffs' counsel just possibly may have been erratic or erotic in saying "Yes there is," and suggesting further that better he may have been employed.

Counsel on both sides each seems to have erred,—not easily understandable, which suggests that each may have sort of walked down a jurisprudential cul de sac: I) The defendant's advocate by stating somewhere in his brief that when plaintiffs' front man urged that a settlement was offered, but a medical report was insisted upon by defendant first, that was time-consuming but assuring, "A factual question exists on this issue"; II) The plaintiffs' counsel walking down the lonely road when he did not file the complaint within the statutory time,—suggesting somewhat a bit of amnesia or an equally somewhat naive faith in the game of chess between claimants' counsel on the one hand and the insurance adjuster's on the other —one dedicated to protect his client, the other with equal loyalty to his paymaster, —all leading to an apparent checkmate by a pawn called estoppel,—if that's possible.

The decision in our own case of Rice v. Granite School District,[1] (with which this author did not agree), seems to be dispositive here. Unless reversed it requires return of this case for determination as a fact whether or not there was an estoppel preventing the assertion of a defense under the limitations statute of the Immunity Act.

We conclude as we do because, in viewing the whole record under the rules having to do with the discovery process, we believe and hold that there was a genuine issue of fact under the Rice case reasoning, that should be determined by an arbiter of the facts and not as a matter of law.

■ As to the other points on appeal: 2) That there are other matters of fact determinable on the same theory or under the Rice case, we think the point to be premature at this juncture and needs no treatment here; and 3) That the limitations statute does not run in this case until the child attains majority is without merit, since this claim arose at a time when a statute existed which was interpreted and treated by us in Gallegos v. Midvale,[2] which decision governs in the instant case, —to which case we refer the reader.

If the fact finder(s) determine the estoppel aspect of this case against the plaintiffs and in favor of the city, the matter of liability is ended and the Governmental Immunity problem, in that respect, is intered with its bones, but that part having to do with time within which to file papers and suits, etc. is conclusive,—in which event no Phoenix could rise from the ashes of this case, and wing itself to immortality.

Nonetheless, under the Rice case, plaintiffs should be allowed to present its position to a fact reviewer, to determine the crucial issue mentioned above, under authorities, cited by the parties, or otherwise, none of which at present we are inclined to approve, (except Rice), disapprove, or filch from, in suggesting in any way the quality or quantum of proof necessary to hurdle governmental immunity on the grounds of estoppel. That, under the Rice case, is a mixed question of fact, not law, (the facts being mixed up enough) and the vehicle necessary to tow one or the other of the parties here from the morassic cul de sac mentioned above, is a vehicle drawn by eight horses,—the veniremen,—His

---

1. 23 Utah 2d 22, 456 P.2d 159 (1969).

2. 27 Utah 2d 27, 492 P.2d 1335 (1972).

Honor, the District Court Judge,—determinable by the parties by that Judge not this Court.

CALLISTER, C. J., and CROCKETT, and TUCKETT, JJ., concur.

ELLETT, Justice (dissenting):

I respectfully dissent. This case differs from the case of Rice v. Granite School District [1] in that Rice was a lay citizen and did not have an attorney until after the expiration of the period in which she had to file her complaint. In the instant matter the plaintiffs were represented by counsel at all times. There is no claim that the plaintiffs were imposed upon. It is the attorney who claims that he was lulled into a false sense of security by the promises of settlement.

Likewise, the case of Gallegos v. Midvale [2] differs from the present case in that the infant Gallegos had no attorney until after the time the filing a claim with the City had expired. [3]

I would affirm the judgment rendered below.

1. 23 Utah 2d 22, 456 P.2d 159 (1969). I dissented in this case and believe the dissent to be proper.

2. 27 Utah 2d 27, 492 P.2d 1335 (1972).

3. I also dissented in the Midvale case but do not think that case is in point with the matter now before us.